**STATE of Maine**

**v.**

**George CHASE.**

Supreme Judicial Court of Maine.

Aug. 17, 1971.

Edward F. Gaulin, Asst. County Atty., Biddeford, Francis Daughan (Law Student), for plaintiff.

Patrick L. Veilleux, Kittery, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEBBER, Justice.

Appellant appeals his conviction of the crime of robbery. But one issue is properly raised. He seeks to raise other issues

which, for reasons which will be made to appear, are not open to him on direct appeal, at least in the circumstances of the instant case.

Appellant, having been indicted for robbery and being indigent, requested in writing that the Court appoint Franklin F. Stearns, Jr., Esq., an able and experienced attorney to serve as his counsel. The requested appointment was made. Appellant subsequently filed with the Court the following document:

"STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CRIMINAL DOCKET NO.
69-54

STATE OF MAINE
VS.
GEORGE S. CHASE

WAIVER OF JURY TRIAL

I, GEORGE S. CHASE, the above named Defendant, charged with the Offense of <u>Robbery</u>   now pending on appeal to the March Term of York County Superior Court, Alfred, Maine, do hereby move the Court that I be allowed to Waive my right to Trial by Jury and request Trial by the Court at this present March Term of York County Superior Court in accordance with Maine Rules of Criminal Procedure – Rule 23.

Dated this 11th day of March, 1970.

s/ George S. Chase
DEFENDANT

MOTION GRANTED
s/ William E. McCarthy

JUSTICE, SUPERIOR COURT"

———◆———

Pursuant to this "waiver" or "motion" the case was fully heard by the Court without a jury. The State presented the testimony of complainant who related the events constituting the robbery and identified the appellant, with whom he was well acquainted, as his assailant. The complaining witness was carefully cross-examined at length by defendant's counsel. No evidence was offered on behalf of the defendant but at the request of his counsel, the defendant was instructed by the Court as to his right either to testify or remain silent and the legal consequences of such election. The evidence abundantly supports the judgment of the Court finding defendant guilty as charged.

Judgment was ordered on March 11, 1970. On March 13, 1970 appellant filed notice of appeal. On the same date appellant filed a motion for new trial. This motion was denied by the Court below on March 27, 1970. No new notice of appeal was filed thereafter. We treat the appeal from judgment, however, as raising any issue open to appellant on direct appeal.

■ The first point of appeal states:

"The Court erred by failing to apply Due Process of Law to Indigent Defendant's waiver of Jury Trial."

Appellant asserts in effect that Due Process requires that the record show that the Justice below made inquiry in open court and ascertained by direct response from the defendant that his waiver of jury trial was voluntarily and understandingly given. We are aware of no such requirement. M.R.Crim.P., Rule 11 does impose such requirements when a plea of guilty is tendered, but the tendering of such a plea is fraught with far more serious consequences for a defendant than is the mere waiver of jury trial. The plea when offered and

accepted is itself a conviction and nothing remains for the court to do but give judgment and sentence. The plea waives all defects which are not jurisdictional. Glassman, Maine Practice, Page 102, § 11.1. In contrast, a waiver of trial by jury does no more than vary the mode of fact finding procedure and in many cases may be deemed by a defendant to be the method which he prefers. The only requirements for a valid waiver of jury trial are set forth in M.R.Crim.P., Rule 23(a) in these terms:

> "The defendant with the approval of the court may waive a jury trial. The waiver must be in writing."

In this case a waiver was filed, signed by appellant at a time when he had the benefit of counsel, and was approved by the Court.[1] The requirements of Due Process were thus fully satisfied.

■ If this appellant desires or intends to assert that his waiver was not voluntarily and understandingly given,[2] that issue is not properly tendered on direct appeal in this case. Under ordinary circumstances and indeed in the instant case such a claim would more appropriately be made upon a petition for the writ of habeas corpus. In such a proceeding a petitioner might be able to demonstrate by the fair preponderance of the evidence that, for example, he either did not in fact sign the waiver, or that, even though he could and did sign his name, he could not read or comprehend the contents of the written waiver. Such proof coupled with further proof that his attorney did not explain the effect of the waiver to him might entitle him to a new trial.

■ By his second point of appeal, appellant seeks to challenge the quality of representation afforded by his court appointed counsel. "This issue is not properly raised upon direct appeal. State v. Pullen (Me.1970) 266 A.2d 222, 231; State v. Lund (Me.1970) 266 A.2d 869, 872." State v. Wilbur (Me.1971) 278 A.2d 139. We note, however, that an examination of the trial record suggests that the complaint is frivolous.

Appeal denied.

---

1. Although the document filed may properly be viewed as a court approved waiver, we suggest that the use of Form 20, found in M.R.Crim.P., Appendix of Forms, is better practice.

2. No such claim is asserted in this case.