**STATE of Maine**

v.

**Michael MANK.**

Supreme Judicial Court of Maine.

Argued Nov. 15, 1985.

Decided Dec. 17, 1985.

---

David M. Spencer (orally), Asst. Dist. Atty., Lincoln County Courthouse Wiscasset, for the State.

Dennis C. Hagemann (orally), Damariscotta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

On January 11, 1985, the Superior Court (Lincoln County) sitting without a jury convicted defendant Michael Mank of burglary, 17–A M.R.S.A. § 401 (Class B), and criminal threatening, 17–A M.R.S.A. § 209 (Class D). Defendant's principal argument on appeal arises from the fact that he did not sign a written waiver of his right to a jury trial, as is required by M.R.Crim.P. 23(a) for a nonjury trial of the Class B offense.[1] According to a supplemental record prepared pursuant to M.R.Crim.P. 39(h) while this appeal was pending, defendant's trial counsel did state to the court, both at the call of the docket and again at an in-chambers conference on the morning of the trial, that the case was to be heard jury-waived.

The Superior Court's failure to comply with the written waiver provision of Rule 23(a) does not require an automatic reversal of Mank's conviction of Class B burglary. Rule 23(a) itself declares that "the absence of a writing ... shall not be conclusive evidence of an invalid waiver." Even though the counterpart federal rule, Fed.R.Crim.P. 23(a), does not contain any similar disclaimer of a *per se* consequence of noncompliance with that rule's writing requirement, federal courts have refused to enforce that requirement by automatically vacating convictions entered after nonjury trials conducted without a written waiver. *See United States v. Garrett*, 727 F.2d 1003 (11th Cir.1984), *aff'd* — U.S. —, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985); *United States v. Page*, 661 F.2d 1080 (5th Cir.1981) (oral waiver may be sufficient under Fed.R.Crim.P. 23(a), which requires "any waiver" of the right to jury trial to be in writing and signed by the defendant). The procedural requirement laid down by Rule 23(a) serves to bring home to a person accused of a felony the significance of the constitutional right he is giving up and to make a record that reduces later controversy, on direct appeal or post-conviction review, over the effectiveness of his jury waiver. However, the single fact that those procedural purposes are not achieved in a particular case does not, in and of itself, so vitiate the fundamental fairness of the proceedings as to justify the drastic sanction of setting aside a felony conviction entered after a nonjury trial.

Even though noncompliance by the Superior Court with the procedural standard of Rule 23(a) does not require us to vacate defendant Mank's burglary conviction, we still must examine whether the

---

1. M.R.Crim.P. 23(a) provides:
   The defendant with the approval of the court may waive a jury trial. In any case in which the offense charged is murder, or a Class A, Class B, or Class C crime, the waiver shall be in writing and signed by the defendant; but the absence of a writing in such cases shall not be conclusive evidence of an invalid waiver.

record before us reveals any substantive violation of Mank's right to a jury trial under the United States and the Maine Constitutions on the Class B as well as the Class D charge. *See* U.S. Const. amend. VI; Me. Const. art. I, § 6. A waiver of the right to a jury trial is constitutionally binding only if it is entered into voluntarily and intelligently. *State v. Boilard,* 359 A.2d 65, 68 (Me.1976). "A defendant may challenge a purported waiver of jury trial on direct appeal only if it is clear on the record of the case that there was no valid waiver of jury trial." 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 23.5, at 23–9 (1985). After careful review of the record on appeal, including the Rule 39(h) supplementation,[2]

> [w]e are unable to say that there has been an unquestioned violation of appellant's constitutional right to a trial by jury. Thus, post-conviction relief would be the appropriate proceeding wherein the appellant might be able to show that the jury waiver was neither voluntarily nor intelligently executed.

*State v. Boilard,* 359 A.2d at 68 (footnote omitted); *see also State v. Allen,* 377 A.2d 472, 475–76 & n. 5 (Me.1977); *State v. Chase,* 280 A.2d 550, 552 (Me.1971).

On the record now before us on direct appeal, the entry is:

Judgment affirmed.

All concurring.

**2.** As is apparent from the language of M.R. Crim.P. 39(h), the sole purpose of the supplementation permitted thereunder is to assure a full and correct record of "what occurred in the Superior Court." *See also* the civil counterpart to M.R.Crim.P. 39(h), M.R.Civ.P. 74(e), and in turn their federal counterpart, Fed.R.App.P. 10(e). Thus where the record on appeal omits something that transpired in the trial court or misreports an in-court occurrence, the Superior Court may act to remedy that deficiency. By the supplemental record on this appeal, the Superior Court justice appropriately established that defendant's trial attorney on two occasions stated to the court that the trial was to be jury-waived. That was proper supplementation under Rule 39(h). To the extent that the supplemental record also contains oral representations by the lawyer who represented defendant at trial as to his out-of-court discussions of the jury-waiver question with defendant, the attempted supplementation went beyond the authority granted by that rule. That kind of information extraneous to what took place before the court is properly received only in post-conviction proceedings with the built-in safeguards of sworn testimony and opportunity for cross-examination and rebuttal. In any event, nothing in the attempted supplementation establishes that defendant did not voluntarily and intelligently elect to have a jury-waived trial as reported to the court by his then counsel.