STATE of Maine

v.

Willis SANDERS.

Supreme Judicial Court of Maine.

Argued Sept. 15, 1986.
Decided Oct. 8, 1986.

John D. McElwee, Dist. Atty., Brian E. Swales (orally), Asst. Dist. Atty., Caribou, for the State.

Richard M. Dostie, Belfast, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

MEMORANDUM OF DECISION.

Willis Sanders appeals a conviction of one count of gross sexual misconduct, 17–A M.R.S.A. § 253 (Supp.1985) (Class A), entered after a jury waived trial in Superior Court, Aroostook County. On appeal, he argues that he did not effectively waive his right to jury trial, challenges the sufficiency of the evidence and asserts that the verdict of guilty was inconsistent with a not guilty verdict rendered by the trial court on a second count of gross sexual misconduct. Contrary to his first contention, it is not obvious on the record that there was a denial of his right to trial by jury so as to require us to disturb his conviction on direct appeal. See State v. Mank, 501 A.2d 809 (Me.1985). The defendant's contention regarding the sufficiency of the evidence is similarly without merit. The court could rationally have found beyond a reasonable doubt every element of the offense of gross sexual misconduct based on the evidence presented. See State v. Barry, 495 A.2d 825, 826 (Me. 1985). The defendant also failed to show that the verdicts were not logically recon-

cilable. *See State v. Snow,* 513 A.2d 274, 277 (Me.1986).

The entry is:

Judgment affirmed.

All concurring.