**STATE of Maine**

**v.**

**Douglas CURTIS.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 5, 1991.

Decided April 2, 1991.

R. Christopher Almy, Dist. Atty., Bangor, for the State.

Douglas Curtis, pro se.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

WATHEN, Justice.

Defendant Douglas C. Curtis appeals from a judgment of the Superior Court (Penobscot County, *Silsby, J.*) denying his appeal from the judgment of the District Court (Millinocket, *Calkins, C.J.*) convicting him of operating a motor vehicle while under the influence of alcohol, 29 M.R.S.A. § 1312 (Supp.1990). We find no error and affirm.

■ Defendant's principal argument on appeal arises from the fact that the court suppressed his answer to a police inquiry as to whether he had been drinking, but then ruled that responses to questions asked *after* this suppressed response were admissible because they were part of a general investigation. The District Court's finding that defendant was in custody at the time he was asked if he was drinking was not a correct application of the law to the facts of this case. *See State v. Lewry*, 550 A.2d 64, 65 (Me.1988); *United States v. Streifel*, 781 F.2d 953, 962 (1st Cir.1986); *see, also Miranda v. Arizona*, 384 U.S. 436, 477–78, 86 S.Ct. 1602, 1629–30, 16 L.Ed.2d 694 (1966) ("General on-the-scene questioning as to facts surrounding a crime or other general questioning of the fact-finding process is not affected by our holding"). Defendant takes nothing from this argument.

■ Defendant argues for the first time on appeal that he was never informed of his right to a jury trial. On the record is a writing signed by the attorney of record waiving defendant's right to jury trial. *State v. Dube*, 409 A.2d 1102, 1104 (1979) (the written waiver of a jury trial signed by the defendant's attorney is sufficient for a Class D or E charge). "A defendant may challenge a purported waiver of a jury trial on direct appeal only if it is clear on the record of the case that there was no valid waiver of jury trial." *State v. Mank*, 501 A.2d 809, 811 (quoting 1 Cluchey & Seitzinger *Maine Criminal Practice* § 23.5 at 23–9 (1985)). Defendant, although present throughout the proceedings, never challenged the waiver in the trial court. On this record, it is not clear that there was no waiver of jury trial.

Defendant's remaining arguments concerning the existence of probable cause to support his arrest and the sufficiency of the evidence are without merit.

The entry is:

Judgment affirmed.

All concurring.