**STATE of Maine**

v.

**Gary HUNTLEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 19, 1996.

Decided May 17, 1996.

---

Stephanie Anderson, District Attorney, Julia Sheridan, Assistant District Attorney, Portland, for the State.

Jane Elizabeth Lee, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

RUDMAN, Justice.

Gary Huntley appeals from the judgments of conviction entered in the Superior Court (Cumberland County, *Cole, J.*) on his pleas of guilty to three counts of gross sexual assault in violation of 17–A M.R.S.A. § 253(1)(A) (Supp.1995) and one count of incest in violation of 17–A M.R.S.A. § 556 (Supp.1995). Although Huntley filed no motion to withdraw his guilty pleas prior to sentencing pursuant to M.R.Crim.P. 32(d) [1], he contends he is entitled to appeal directly from his convictions. We disagree and dismiss his appeal.

### I

A grand jury returned a four-count indictment charging Huntley with three counts of gross sexual assault, class A violations of 17–A M.R.S.A. § 253(1)(A) (Supp.1995), and one count of incest, a class D violation of 17–A

M.R.S.A. § 556 (Supp.1995). The day before a jury was to be called to begin hearing the State's case against Huntley, he appeared before the court represented by counsel to enter a negotiated plea pursuant to M.R.Crim.P. 11 and M.R.Crim.P. 11A. After the court questioned him regarding his understanding of the charges against him and he affirmed his understanding, Huntley entered a separate plea of guilty to each of the four counts charged against him. The State made an offer of proof as to Huntley's alleged criminal conduct, and the court accepted Huntley's pleas. The court immediately sentenced Huntley on the three class A felonies to three concurrent sentences of twenty years in prison with all but ten years suspended and six years probation and on the class D violation to 364 days to be served concurrently with the felony sentences.

The sentence review panel dismissed Huntley's application to appeal his sentence pursuant to M.R.Crim.P. 40 as untimely, but his direct appeal from his convictions was entered on the docket pursuant to M.R.Crim.P. 37.

### II

Direct appeal to this Court from a judgment of conviction is strictly statutory. *State v. Bey,* 161 Me. 23, 206 A.2d 413, 414–15 (1965).

> In any criminal proceeding in the Superior Court, any defendant aggrieved by a judgment of conviction, ruling or order may appeal to the Supreme Judicial Court, sitting as the Law Court. The time for taking the appeal and the manner and any conditions for the taking of the appeal shall be as the Supreme Judicial Court provides by rule.

15 M.R.S.A. § 2115 (Supp.1995). The current language of section 2115, in effect since 1987,[2] derives from original language enacted in 1965 [3] to establish a defendant's statutory

---

1. M.R.Crim.P. 32(d) provides:

   **(d) Withdrawal of Plea of Guilty.** A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed.

2. P.L.1987, ch. 166, § 3.

3. P.L.1965, ch. 356 § 63 (codified at 15 M.R.S.A. § 2115 (1980)) provided in pertinent part:

   In any criminal case in the Superior Court any defendant aggrieved by a judgment, ruling or order may appeal therefrom to the law court within 10 days or such further time as

right to appeal directly from a judgment of conviction. We construed the original section 2115 to prohibit, except for jurisdictional challenges and constitutional questions of excessive, cruel, or unusual punishment, any direct appeal from a criminal conviction after a plea of guilty. *Dow v. State,* 275 A.2d 815, 821 (Me.1971). We are called upon here to construe the revised section 2115. Interpretation of a statute is a question of law. *Community Telecommunications Corp. v. Loughran,* 651 A.2d 373, 376 (Me.1994).

In deciding *Dow* we articulated the principle underlying the rule barring direct appeal from a conviction after a guilty plea.

> The rationale underlying the rule rests on the fact that a voluntary and intelligent plea of guilty by an accused is a self-supplied conviction precluding trial of the issue of guilt or innocence and authorizing in and of itself the imposition of the punishment fixed by law. It is an efficient waiver of all defenses other than those jurisdictional in nature....
>
>> "Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, *there is nothing to appeal.*"

*Id.* at 818 (citations omitted) (emphasis added). This underlying principle remains unchanged by the technical revisions made to section 2115 since we construed the original in *Dow.* The current section 2115 imposes the same substantive and procedural consequences as the original section 2115.

■■■ A conviction after a guilty plea involves no decision by the court regarding the defendant's criminal guilt and therefore provides no source of decisional error by the court regarding criminal guilt. No *direct* appeal pursuant to 15 M.R.S.A. § 2115 (Supp.1995) asserting errors in the determination of criminal guilt may be taken from a conviction after a guilty plea (other than a conditional guilty plea entered pursuant to M.R.Crim.P. 11(a)(2)), except on grounds of jurisdiction or excessive, cruel or unusual punishment, because there is no decision by the court to appeal from. Challenges to a

conviction after a guilty plea on grounds of involuntariness of the plea, lack of knowledgeability on the part of the defendant regarding the consequences of his plea, ineffective assistance of counsel, misrepresentation, coercion or duress in securing the plea, the insanity of the pleader, or noncompliance with the requirements of M.R.Crim.P. 11 are collateral and may be pursued only by post-conviction review pursuant to 15 M.R.S.A. §§ 2121–2132 (Supp.1995). Because Huntley raises no question of the court's jurisdiction and no constitutional question of unusual punishment, Huntley may not appeal directly from the convictions entered following his guilty pleas.

### III

■■■ Huntley concedes he cannot avail himself of the right pursuant to M.R.Crim.P. 32(d) to appeal directly from an order denying a motion prior to sentencing to withdraw his guilty plea because he made no such motion. He seeks to be allowed to appeal from his convictions, however, because his sentencing immediately followed his guilty pleas and allowed him no time to file such a motion to withdraw his pleas. His effort, however, to substitute an appeal from his convictions after a guilty plea for an appeal from an order denying withdrawal of those pleas misunderstands the nature of a conviction after a guilty plea.

In accepting a guilty plea in a Rule 11 proceeding, the court makes no finding of fact or ruling of law with respect to the crime charged but merely follows required procedure in an effort to assure the defendant's voluntariness and understanding of his plea. *See Morgan v. State,* 287 A.2d 592, 602 (Me. 1972). The decision that leads to conviction is the defendant's, not the court's. Direct appeal from error by the court in the decision that assigns criminal guilt is therefore impossible. There can be no error by the court when there is no decision by the court. It is not Rule 32(d) that bars direct appeal from a conviction after a guilty plea but the nature of the conviction itself. The fact that Huntley had no time to file a motion to withdraw his pleas prior to sentencing cannot

may be granted by the court pursuant to a rule of court.

change the nature of his convictions. Huntley cannot appeal from that which does not exist. If Huntley would challenge the voluntariness of his plea or assert any other Rule 11 violation he must avail himself of post conviction review.

The entry is:

Appeal dismissed.

All concurring.