STATE OF MAINE

KENNEBEC, ss.

MARLON CLOUTIER,

     Petitioner

v.

STATE OF MAINE,

     Respondent

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-97-180

SXS -KEN- 1/10/2001

DECISION ON PETITION
FOR POST-CONVICTION
REVIEW

This matter comes before the court on the petition of Marlon Cloutier for review of his conviction following guilty or *nolo* pleas to six counts of Class A Arson, one count of Class C Burglary, and one count of Class E Theft. The petitioner's sole ground for review is that he was denied effective assistance of counsel. *State v. Huntley*, 676 A.2d 501 (Me. 1996). An evidentiary hearing was held and transcripts of Cloutier's Rule 11 proceedings and sentencings have been incorporated in the record.[1] After reviewing all of the evidence and applicable law, the petition will be denied.

In order to prevail on his petition, Cloutier would have the burden of convincing the court of the following: (1) that the performance of his attorney fell below that of an ordinary fallible attorney; and (2) there is a reasonable probability that, but for his attorney's error, Cloutier would not have entered a guilty plea and

---

[1] Cloutier was sentenced once on November 24, 1992. That sentence was vacated on appeal and he was subsequently resentenced.

would have insisted on going to trial. *Aldus v. State*, 2000 ME 47, ¶ 13, 748 A.2d 463, 468. In making the determination, the court is guided by the overall justness and fairness of the plea proceeding "which is 'the knowing and voluntary entry of a guilty plea by a guilty party.'" *Laferriere v. State*, 697 A.2d 1301 (Me. 1997), *quoted* in *Aldus, supra,* at ¶ 13.

Although Cloutier's complaint concerning effectiveness of counsel is limited to the attorney who represented him at the time of his plea and original sentencing, it is necessary to understand what happened after that sentencing to place the petition in perspective. Cloutier's original attorney was Ronald Bourget, Esq., an attorney with approximately seven years of criminal law experience at the time of the proceedings. Bourget met with Cloutier twice at the jail and twice at the courthouse before the Rule 11 proceedings on August 28, 1992. Attorney Bourget reviewed the discovery materials with Cloutier but did not want Cloutier to enter a plea when he did. Counsel wanted to have a psychologist evaluate Cloutier and the circumstances of the arsons to determine whether Cloutier had the necessary specific intent. Counsel also informed Cloutier that with six Class A Arson charges, Cloutier had a lot of exposure in terms of potential incarceration, but he did not tell Cloutier that he would receive a sentence of 245 years if he did not enter a plea. Mr. Bourget was aware of the Law Court's decision the previous year in *State v. Michaud*, 590 A.2d 538 (Me. 1991) and informed Cloutier that although the maximum sentence for a Class A crime is 40 years, he did not feel that the upper level (years 21 through 40) would be applicable. Despite attorney Bourget's advice

that Cloutier obtain a psychological evaluation before deciding whether to enter a plea, Cloutier himself decided that he wished to proceed at that time.

At the Rule 11 proceeding on August 28, 1992, Cloutier acknowledged his understanding of the charges against him, his trial rights and the maximum sentence for each charge. The court then advised Cloutier "Do you understand, theoretically, these charges could be aggregated, 6 Arson charges, Burglary charge, to a total of 245 years?" (Transcript (Tr.), p. 7, line 12). This was a correct statement of the theoretical maximum sentence. Cloutier also indicated that his plea was voluntary and made the following statements with regard to his attorney:

| | |
|---|---|
| The court: | Okay. Mr. Cloutier, are you satisfied with the advice and assistance Mr. Bourget has given you? |
| The defendant: | Yes, I am. |
| The court: | Do you have confidence in Mr. Bourget's advice? |
| The defendant: | Yes, I do. |
| The court: | Is Mr. Bourget in any way pressuring you to do anything you are doing here, say anything you are saying here today? |
| The defendant: | Nope. |
| The court: | Making you do or pushing you to do anything today any quicker than you want to do it? |
| Mr. Bourget (sic):[2] | Nope. |
| The court: | Are you -- has he prevented you from getting information about this case, developing witnesses or evidence or anything like that? |

---

[2] This was probably an error in the transcript. It appears that this was Mr. Cloutier speaking.

3

| | |
|---|---|
| The defendant: | Nope. |
| The court: | Okay, has he satisfactorily responded to your inquiries about this matter? |
| The defendant: | Yes. |
| The court: | Has he answered your questions to your satisfaction? |
| The defendant: | Yes, he did. |

(Tr., beginning at p. 10, line 19).

Ultimately, the court stated: "I also find you have had effective assistance of counsel." (Tr., p. 18, line 7). Cloutier's only response at the hearing on his petition to this fairly rigorous inquiry into his satisfaction with his trial attorney was to assert that he had lied to the court.

When Cloutier was sentenced on November 24, 1992, the District Attorney argues that these arsons would be in the "first tier of the Class A sentencing" and "very clearly into the range of maximum sentencing. They are into the range of 40 years." based on the number of crimes. (Tr., p. 21, line 16-22). The sentencing hearing was conducted prior to the guidance from the Law Court in *State v. Hewey*, 622 A.2d 1151 (Me. 1993), so the court's analysis did not follow what has now become the familiar three-step formula. However, the court did make extensive findings and comments as to the rationale behind his sentence and then accepted the State's recommendation of five concurrent 40 year sentences with all but 20 years suspended and a consecutive 40 year sentence all suspended.

Cloutier appealed the sentence and the Law Court agreed that it was excessive.

4

Noting that although the fires were highly destructive, the Law Court held that since the crimes had not been committed against a person, the maximum sentence would be 20 years. *Citing State v. Lewis,* 590 A.2d 149 (Me. 1991). The sentences were vacated and the matter was remanded to the Superior Court for resentencing, though the Law Court noted, "[T]he sentencing court would be justified in concluding that the basic period of incarceration, at least for some of the arsons committed on June 14, should be at or near 20 years." *Cloutier,* at 361.

On remand from the Law Court and before the resentencing, Cloutier moved to withdraw his guilty pleas. This motion was strenuously argued at hearing on March 2, 1995, at which Cloutier testified about many of the same facts that he testified to in the present proceeding. Then, as now, Cloutier asserts that his attorney did not devote sufficient time, coached him on what to say during the Rule 11 proceeding, and that he pressured Cloutier into entering his plea by stating that he would be sentenced to 245 years if he didn't do so. Cloutier again testified that he had lied to the court during the Rule 11 proceeding. Despite virtually the same arguments that Cloutier makes in the present petition, his motion to withdraw his guilty pleas was denied.

After considering all of the foregoing, the court finds that the performance of Cloutier's attorney at the time of the entry of his plea did not fall below that of an ordinary fallible attorney. The information Cloutier was given with regard to sentencing was technically correct, at least given the state of the law at that time. The sentence of actual incarceration which Cloutier ultimately received did not

exceed the cap which had been negotiated and was known to him at the time of the plea. Finally, this was a knowing and voluntary entry of a guilty plea by a guilty party and the proceeding was overall just and fair.

For the reasons stated above, the entry will be:

Petition DENIED.

Dated: January 10, 2001

_____
S. Kirk Studstrup
Justice, Superior Court

6

STATE OF MAINE
  vs
MARLON CLOUTIER
MAINE STATE PRISON
THOMASTON ME 04861

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-1997-00180

**DOCKET RECORD**

PL. ATTY: DAVID CROOK

State's Attorney: BENET POLS

Filing Document: PETITION
Filing Date: 05/08/1997

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

05/11/1998 FILING DOCUMENT - PETITION FILED ON 05/08/1997

05/11/1998 JUDICIAL - REVIEW SENT FOR REVIEW ON 05/08/1997

      COPIES TO JUSTICE CALKINS AND TO COUNSEL.
05/11/1998 JUDICIAL - ASSIGNMENT ASSIGNED TO DOCKET ON 06/27/1997
      SUSAN W CALKINS , ASSOCIATE JUSTICE
      COUNSEL TO BE APPOINTED. TIME LIMITS ESTABLISHED.
02/17/1999 OTHER FILING - ORDER TO RESPOND TO PETITION SENT ON 02/17/1999

03/12/1999 NOTICE - NOT AMENDING PCR PETITION FILED ON 03/12/1999

5/05/1999 MOTION - MOTION FOR EXTENSION OF TIME FILED BY STATE ON 05/04/1999

      TO FILE A POST CONVICTION RESPONSE.
05/10/1999 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 05/10/1999
      JOHN R ATWOOD , JUSTICE
      COPY TO DA AND PAMELA AMES ESQ.
05/24/1999 OTHER FILING - RESPONSE TO PETITION FILED ON 05/21/1999

08/20/1999 NOTICE - NOTICE TO REQ/DISPENSE CONF. SENT ON 08/20/1999

08/24/1999 REQUEST - PCR CONFERENCE FILED BY STATE ON 08/24/1999

08/30/1999 REQUEST - PCR CONFERENCE FILED BY PETITIONER ON 08/27/1999

10/07/1999 MOTION - OTHER MOTION FILED BY DEFENDANT ON 09/15/1999

      MOTION FOR NEW COUNSEL.
10/07/1999 MOTION - OTHER MOTION GRANTED ON 10/07/1999

      PAMELA AMES ESQ, ALLOWED TO WITHDRAW. BENET POLS ESQ COURT APPOINTED.
10/07/1999 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 10/06/1999

10/07/1999 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 10/07/1999

      BENET POLS ESQ COURT APPOINTED.
12/15/1999 HEARING - PCR CONFERENCE SCHEDULED FOR 12/20/1999 @ 8:30

Printed on: 01/11/2001