DONALD L. GARBRECHT
LAW LIBRARY
SEP 15 2004

STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-03-965

SCOTT GRINDEL,               )
                            )
                            )
              Petitioner    )
                            )
       v.                   )
                            )
STATE OF MAINE,             )
                            )
              Respondent    )
                            )
_____)

**DECISION AND ORDER**

FILED & ENTERED
SUPERIOR COURT

SEP 1 0 2004

PENOBSCOT COUNTY

Pending before this Court is the State's Motion to Dismiss, and Request to Proceed Without an Evidentiary Hearing in Response to the Court's Order assigning the Petitioner's post-conviction review petition to the docket. On July 23, 2004, the Court conducted a testimonial hearing in connection with this motion. Michael Roberts for the State; Petitioner appeared pro se.

## FINDINGS OF FACT

Based on the evidence presented at the hearing, the Court makes the following findings of fact. On December 15, 2003, the Petitioner, Scott Grindel, filed a petition for post-conviction review pursuant to 15 M.R.S.A. §§2121-2132 (Supp. 2001). He did not request court appointed counsel. The Petitioner was charged by Indictment with Operating Motor Vehicle After Revocation (Class C) (Count 1), Operating Under the Influence (Class D) (Count 2), and Refusing to Sign Uniform Summons Complaint (Class E) (Count 3). The underlying conduct for which the Petitioner was charged and convicted occurred on February 1, 2003. On September 8, 2003, the Petitioner pled guilty to Counts 1 and 2. On Count 1, the Court sentenced the Petitioner to the Department of Corrections for a term of three years, and on Count 2, the Court sentenced

1

the Petitioner to the Penobscot County Jail for a term of 364 days.[1] The Court also

ordered the suspension of the Petitioner's driver's license for four years and ordered the

Petitioner to pay a fine of $2400.00. The State dismissed Count 3. On January 23, 2004,

the Court issued an order assigning his petition to the criminal docket. On February 5,

2004, the State responded by filing a Motion to Dismiss the Petition and Request to

Proceed without an Evidentiary Hearing. On July 23, 2004, the Court conducted a

testimonial hearing in connection with this matter.

## DISCUSSION

After reviewing the pleadings and evidence on the record, the Court has

determined there is no need to schedule an evidentiary hearing on the Petitioner's post-

conviction review petition. The Court will dispense with this matter without an

evidentiary hearing and proceed to the merits of the Petitioner's petition pursuant to

Maine Rule of Criminal Procedure 72A.[2] The Court's present decision renders the

State's Motion moot.

The Petitioner alleges four grounds for post-conviction review. In his first

ground, the Petitioner challenges the contents of the indictment claiming that he was

---

[1] The Court ordered the sentences to be served concurrently.

[2] M.R.Crim.P. 72A provides for:

**RULE 72A. CONFERENCE FOLLOWING THE FILING OF PLEADINGS.**
  (a) **Scheduling.** Following the filing of pleadings, the Clerk of the Superior Court shall as soon as possible schedule a conference and give notice to the parties thereof. The assigned justice may dispense with a conference.
  (b) **Matters to be Considered at Conference.** The assigned justice and the parties shall consider the following matters at the conference and the assigned justice shall enter an order which shall state the action taken by the assigned justice . . . :
      (1) The assigned justice's action in disposing of all motions pending at the time of the conference.

      (5) The assigned justice's determination as to whether an evidentiary hearing is required.

improperly charged with a Class C crime instead of a Class D crime, referring to Count 1, Operating a Motor Vehicle After Revocation. An allegation challenging the sufficiency of an Indictment is a proper ground for post-conviction review. Dow v. State, 275 A.2d 815, 821 (Me. 1971). In his second ground, the Petitioner sets forth a claim of ineffective assistance of counsel alleging that his attorney failed to have the charge of Operating a Motor Vehicle After Revocation (Class C) corrected to a Class D crime. An allegation of ineffective assistance of counsel is a proper ground for post-conviction review. State v. Huntley, 676 A.2d 501, 503 (Me. 1996). In his third ground, the Petitioner alleges that the District Attorney also should have noticed the "error" and had the charge corrected to a Class D crime. An allegation of Prosecutorial Misconduct is not a proper ground for post-conviction review. In his fourth ground, the Petitioner requests the Court to reduce the length of his sentence because his Mom is elderly and needs his help. An allegation that the Petitioner received an unfair or lengthy sentence is not a proper ground for post-conviction review.

The Court will address the Petitioner's first and second allegation together, since essentially both contentions arise from the same argument challenging the sufficiency of the Indictment as to count 1, Operating a Motor Vehicle After Revocation, a class C offense in violation of 29-A M.R.S.A. §2557(1), (2)(B). The Petitioner submitted his driving record issued by the Bureau of Motor Vehicles. The Petitioner points to two convictions on February 8, 1993, for Operating After Habitual Offender Revocation and Operating Under the Influence of Liquor. The date of violation was October 3, 2002. The Petitioner argues that this is not the true date of these prior convictions because "[the matter] was stayed for a week to get [the Petitioner's] affairs in order."

3

The Court finds that even if these prior convictions of the Petitioner were stayed for a week, it does not affect the sentence received by the Petitioner on September 8, 2003, for Operating a Motor Vehicle After Revocation (Class C) because the Petitioner has still been convicted of Operating After Revocation or Criminal OUI within the previous ten years. *See* 29-A M.R.S.A. §2557(1), (2)(B).[3] The Court takes judicial notice of the Petitioner's convictions within the previous ten years. The docket records show the Petitioner was convicted in CR-92-969 on February 8, 1993, for the offenses of Operating Under the Influence and Operating After Habitual Offender Revocation, and again in CR-97-869 on December 23, 1997, for the offense of Operating Under the Influence. Accordingly, the Court concludes the Indictment is not insufficient and the Petitioner was properly charged with the Class C offense of Operating a Motor Vehicle After Revocation in CR-03-965. Furthermore, the Petitioner's attorney (Dale Thistle) cannot be seen as having rendered ineffective assistance of counsel for his failure to have Count 1 changed to a Class D crime.

At the hearing, the Petitioner raised an additional ground for post-conviction review alleging that he has a mental health condition, specifically ADHD, which requires medication. The Petitioner claims that he was not on his medication on the date of the violation (February 1, 2003), thus he did not have the required mens rea. As for the Petitioner's alleged mental health condition, the motor vehicle statutes are strict liability statutes, in which mens rea (prior intention to commit a criminal act) is not required. *See*

---

[3] 29-A M.R.S.A. §2557. Operating after habitual offender revocation.
  2. OFFENSE; PENALTY. Violation of this section is:
    B. A Class C crime if:
      1) The person has one or more convictions for operating after revocation under this section or under former title 29, section 2298 within the previous 10 years; or
      2) The person has one or more convictions for violating section 2411 [Criminal OUI] or former title 29, section 1312-B within the previous 10 years.

29-A M.R.S.A. §2557(2-A).[4] The Petitioner further contends that he has exhausted all of the programs at the Department of Corrections and therefore, he believes that keeping him incarcerated is a waste of everyone's time. This is not a proper ground for post-conviction review.

## CONCLUSION

Accordingly, the Petitioner's request for relief in his petition for post-conviction review is **DENIED** and the State's Motion to Dismiss the petition is **MOOT**.

Dated: Sept. 7, 2004

_E. Allen Hunter_
E. Allen Hunter
Justice, Superior Court

---

[4] 29-A M.R.S.A. §2557. Operating after habitual offender revocation.
2-A. STRICT LIABILITY. Violation of this section is a strict liability crime as defined in Title 17-A, section 34, subsection 4-A.