2006 ME 82

**STATE of Maine**

v.

**Gary GACH.**

Supreme Judicial Court of Maine.

Argued: Nov. 14, 2005.
Decided: July 6, 2006.

Evert N. Fowle, Dist. Atty., Alan Kelley, Deputy Dist. Atty. (orally), Tracy DeVoll, Asst. Dist. Atty., for State.

G. Steven Rowe, Atty. Gen., Wiliam R. Stokes, Asst. Atty. Gen. (orally), Augusta, (as amicus curiae).

Robert E. Sandy Jr. (orally), Sherman & Sandy, Waterville, for Defendant.

Gail M. Latouf, Westbrook, John D. Pelletier (orally), Goodspeed & O'Donnell, Augusta, for Maine Ass'n of Criminal Defense Lawyers (amicus curiae).

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

Majority: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, and LEVY, JJ.

Dissent: DANA, CALKINS, and SILVER, JJ.

LEVY, J.

[¶ 1] Gary Gach appeals from a judgment of conviction for assault (Class D), 17–A M.R.S. § 207(1)(A) (2005), entered in the District Court (Waterville, *Anderson, J.*) following his plea of no contest. Gach asserts that he did not voluntarily waive his right to counsel guaranteed by the Sixth Amendment to the United States Constitution and article I, section 6 of the Maine Constitution because he was not individually advised of his right to counsel and his right to apply for court-appointed counsel prior to the court's acceptance of his no contest plea. We dismiss Gach's appeal and do not reach the constitutional issue it presents because the issue has not been preserved for review on direct appeal.

## I. BACKGROUND

[¶ 2] Gach was arrested in December 2003 for assaulting his girlfriend and charged with one count of Class D assault and one count of Class D terrorizing. He appeared without counsel in the District Court (*Nivison, J.*) at his initial appearance and was present for the group arraignment instruction provided by the court. The court acknowledged in its group instruction that some of the defendants may have already "had some discussions with the District Attorney about what the sentence would be or what the agreement would be," but added that it was ultimately up to the court to decide on sentencing. Gach had, in fact, previously discussed his case with an assistant district attorney, aided by a defense lawyer for the day. The court then instructed the assembled defendants that it would call them down to the podium individually where it would explain the charge and ask for their plea.

[¶ 3] Gach was called to the podium and asked whether he understood the rights that had been explained in the group instruction, to which he responded, "Yes." After reading Gach the allegations of the complaint, the court asked him how he would plead, and Gach responded, "Not guilty." The court then explained the twenty-one-day deadline for filing a jury trial request form, but did not address the range of punishments for the charge, or the right to counsel and the process for requesting court-appointed counsel. *See* M.R.Crim. P. 5(b), (c). The court then addressed the modification of Gach's conditions of release.

[¶ 4] Gach subsequently appeared without counsel for his trial in the District Court (*Anderson, J.*). The court began by asking Gach if he still wanted a trial. He replied, "Yes I do.... I need a lawyer, too, your Honor. I can't afford one." The following colloquy ensued:

Court: Why didn't you apply for one when you were arraigned?

Gach: I did not know this, and I was not told anything.

Court: I sincerely doubt that.

Gach: I was trying to get into my premises so I could have a place to live other than my van, and it was never brought up that I know of.

Court: Well, you've been arraigned, and it was told to you when you were arraigned. Maybe you weren't paying attention, but you were ... told.

[¶ 5] The court then asked the State its position. The assistant district attorney objected to continuing the case to allow time for Gach to obtain representation. She pointed out that the alleged victim had driven from Massachusetts and that other witnesses were also present and prepared

to testify. The court explained its belief that Gach was advised by the court at his initial appearance of his right to apply for a court-appointed lawyer, and that appointing counsel at this point would necessitate a continuance. There was no further discussion on the record regarding Gach's request for—or his right to—counsel.

[¶ 6] Following a break, the court returned to Gach's case and asked him whether he was changing his plea to "no contest" and Gach responded "Yes." He was then sentenced in accordance with his and the State's agreement to one hundred eighty days imprisonment, all suspended, with one year of probation. The prosecution requested that the court order Gach to complete a certified batterer's intervention program as a condition of probation. Gach objected and the court, after hearing from both the prosecution and Gach, imposed the condition. The court undertook a detailed discussion of the circumstances of the assault with the victim, who was present, and with Gach, before accepting the plea and imposing sentence. The State dismissed the terrorizing charge.

[¶ 7] Gach filed a timely notice of appeal from his conviction. We subsequently appointed an attorney to represent Gach in this appeal, and we consolidated this appeal with two other cases [1] for purposes of briefing and argument.

## II. DISCUSSION

 [¶ 8] Gach asserts that he did not voluntarily, knowingly, and intelligently waive his right to counsel because he received no individual instruction regarding the right to counsel at his initial appearance, *see* M.R. Crim P. 5(b), or at his subsequent change of plea hearing, *see Iowa v. Tovar*, 541 U.S. 77, 87, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004); *see also Jones v. Terry*, 279 Ga. 623, 619 S.E.2d 601, 602–03 (2005) (stating that *Tovar* provides "specific guidance regarding what information must be provided to the accused at the time of the guilty plea in order for a waiver to be knowing and voluntary").

 [¶ 9] We do not reach the merits of Gach's claim because the issue was not preserved for our review on direct appeal. Absent a motion to withdraw a plea of guilty or no contest pursuant to M.R.Crim. P. 32(d) prior to the trial court's imposition of sentence,[2] a defendant may not take a direct appeal from a conviction after a guilty or no contest plea, except on the grounds that the trial court lacked jurisdiction or imposed excessive, cruel or unusual punishment:

> No *direct* appeal . . . asserting errors in the determination of criminal guilt may be taken from a conviction after a guilty plea . . . because there is no decision by the court to appeal from. Challenges to a conviction after a guilty plea on grounds of involuntariness of the plea, lack of knowledgeability on the part of the defendant regarding the consequences of his plea, ineffective assistance of counsel, misrepresentation, coercion or duress in securing the plea, the insanity of the pleader, or noncompliance with the requirements of M.R.Crim. P. 11 are collateral and may be pursued only by post-conviction review pursuant to 15 M.R.S.A. §§ 2121–2132 . . . .

---

1. *See State v. Watson*, Pen–03–715; *State v. Blumberg*, Som–03–576, 2006 ME 80, 900 A.2d 702 (2006).

2. M.R.Crim. P. 32(d) provides that "[a] motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed."

*State v. Huntley*, 676 A.2d 501, 503 (Me. 1996); *see also State v. Pfeil*, 1998 ME 245, ¶¶ 5–7, 720 A.2d 573, 576; *State v. Kidder*, 302 A.2d 320, 320–21 (Me.1973); *Dow v. State*, 275 A.2d 815, 821–22 (Me. 1971). The requirement that a defendant file a motion to withdraw a guilty plea pursuant to Rule 32(d) to preserve the issue for direct appellate review assures that the trial court has the opportunity, in the first instance, to address any claimed defect in its receipt of the defendant's guilty or no contest plea. This also assures the creation of a record regarding the waiver issue that arises from a hearing at which both the defendant and the State understood that the effectiveness of defendant's waiver of the right to counsel was at issue, which in turn permits meaningful appellate review.

[¶ 10] Gach's appeal is premised on an assertion that he did not voluntarily, knowingly, and intelligently waive his right to be represented by counsel. We dismiss it because he failed to preserve the issue by filing a motion to withdraw his no contest plea pursuant to M.R.Crim. P. 32(d). Absent such a motion, Gach may still challenge the constitutionality of his waiver of the right to representation by counsel, but must do so by seeking post-conviction review. *See* 15 M.R.S. §§ 2121–2132 (2005).

[¶ 11] Contrary to the view expressed in the dissenting opinion, the availability of post-conviction review is not, under the circumstances of this case, a hollow promise. We have previously recognized that "[w]hen a petitioner is challenging a conviction [on post-conviction review], we presume that collateral consequences exist. It is only when a petitioner has *voluntarily* completed a sentence that the challenge to a conviction may be dismissed as moot." *Lewis v. State*, 2000 ME 44, ¶ 6, 747 A.2d 1191, 1193 (citations omitted). The mootness doctrine will not preclude Gach from pursuing a petition for post-conviction review so long as he brings his petition prior to the completion of his sentence.

The entry is:

Appeal dismissed.

SILVER, J., with whom DANA and CALKINS, JJ., join, dissenting.

[¶ 12] I respectfully dissent from the dismissal of Gary Gach's appeal. Unlike the Court, I would reach the merits of Gach's constitutional argument regarding his waiver of the right to counsel, rather than simply deferring consideration of the constitutional violation that occurred. Based on the record, I would find that Gach did not knowingly and intelligently waive that right. *See Iowa v. Tovar*, 541 U.S. 77, 81, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004). To hold, as the Court does, that Gach must file a post-conviction petition before this error may be corrected is inefficient and expensive when we can decide the issue on the record before us. Accordingly, I would vacate entry of his no contest plea and remand to the District Court for further proceedings.

[¶ 13] The Court relies on precedent to dismiss Gach's direct appeal because he did not file a motion to withdraw his plea. In extending our precedent to this case, the Court ignores the reason underlying it: there is seldom a clear record of the proceedings surrounding entry of the plea of guilty or no contest to allow us to undertake appellate review of the claimed error. *See Dow v. State*, 275 A.2d 815, 820–21 (Me.1971). Here, however, the record clearly and unambiguously establishes that the court did not individually warn Gach of his right to counsel. No additional evidence is needed to determine that he did not knowingly and intelligently waive his right to be counseled regarding his plea. It is clear from the record that the court violated the criminal procedure rules and,

more importantly, Gach's constitutional rights, as discussed below, when it accepted his plea without ensuring that he properly waived those same rights. Unfortunately, the Court allows this constitutional violation to continue—while Gach is subject to probation, a severe restriction on his liberty—when the error is one that can easily be corrected at this stage and on this record.

[¶ 14] With regard to the constitutional violation that occurred here, the record in this case plainly reflects the following: Gach received no individual instruction at his arraignment or at his change of plea hearing regarding his right to counsel, his right to be counseled regarding his plea, and the process for applying for court-appointed counsel. *See Tovar*, 541 U.S. at 81, 124 S.Ct. 1379; *see also* M.R.Crim. P. 5. Additionally, Gach, at the plea hearing, sought to assert his right to counsel when he told the court that he was in need of a lawyer but could not afford one. The absence of an individual instruction to an unrepresented defendant invokes a strong presumption against waiver of his constitutional right to be represented by counsel. *See Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Additionally, the record clearly establishes that Gach did not waive that right. *See Tovar*, 541 U.S. at 92–93, 124 S.Ct. 1379; *State v. Watson*, 2006 ME 80, 900 A.2d 702.

[¶ 15] Rigid categories of issues that we will not consider on direct appeal foster a certain degree of predictability; however, judicial efficiency should not be ignored when the record adequately supports the defendant's claim. When that is the case and we dismiss the direct appeal, we may be closing the courthouse doors to Gach as his post-conviction proceeding may fail for lack of present restraint, *see* 15 M.R.S. § 2124(1) (2005), as his sentence will likely have been fully served, or at least we will likely be addressing an issue of mootness, *see Lewis v. State*, 2000 ME 44, ¶¶ 5–6, 747 A.2d 1191, 1192–93. Furthermore, if he is unsuccessful in the Superior Court with his post-conviction petition, he has no appeal as of right to this Court. 15 M.R.S. § 2131(1) (2005); M.R.App. P. 19(a). Forcing the defendant to go back to square one works an injustice on the State, the courts, and the defendant. Already scarce judicial resources should not be further taxed by forcing a defendant like Gach to go through the system multiple times. *Cf. State v. Nichols*, 1997 ME 178, ¶ 4, 698 A.2d 521, 522.

[¶ 16] Finally, it is illogical to dismiss Gach's appeal due to his failure to file a motion to withdraw his plea when it is clear that he was not advised appropriately regarding his right be counseled about his plea. I believe that a pro se defendant should not be held to the same standard as represented defendants when the court system has violated his constitutional rights and when he has not knowingly and intelligently waived those rights. In other words, I believe that this pro se defendant should not be expected to know enough to, among other things, file a motion to withdraw his plea if he has not been adequately warned. I would vacate the entry of the no contest plea and remand for further proceedings consistent with *Tovar* and *Watson*.