2008 ME 22

**STATE of Maine**

v.

**Steven A. PLUMMER.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 27, 2007.

Decided: Jan. 31, 2008.

Philip Notis, Esq., Portland, ME, for Steven Plummer.

Stephanie Anderson, Dist. Atty., Julia Sherian, Asst. Dist. Atty., Portland, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and GORMAN, JJ.

CLIFFORD, J.

[¶ 1] Steven A. Plummer appeals from a judgment of conviction for two counts of unlawful sexual contact (Class C), 17–A

M.R.S. § 255–A(1)(E) (2007), and one count of furnishing liquor to a minor (Class D), 28–A M.R.S. § 2081(1)(A) (2007), entered on his guilty plea in the Superior Court (Cumberland County, *Mills, J.*). Plummer contends that his due process rights were violated by the court's failure to reconcile disputes concerning the facts alleged by the State to support the charges of unlawful sexual contact, to which he pleaded guilty and on which his conviction and sentence were based.

[¶ 2] In the absence of either a conditional guilty plea entered pursuant to M.R.Crim. P. 11(a)(2), or a motion to withdraw the guilty plea before sentencing pursuant to M.R.Crim. P. 32(d), "[n]o *direct* appeal ... asserting errors in the determination of criminal guilt may be taken from a conviction after a guilty plea ... because there is no decision by the court to appeal from." *State v. Gach,* 2006 ME 82, ¶ 9, 901 A.2d 184, 186 (quoting *State v. Huntley,* 676 A.2d 501, 503 (Me.1996)); *see also Halbert v. Michigan,* 545 U.S. 605, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005). This is true unless the defendant challenges the trial court's jurisdiction, or argues that the trial court imposed an excessive, cruel, or unusual punishment. *Gach,* 2006 ME 82, ¶ 9, 901 A.2d at 186.

[¶ 3] Plummer alleges neither a jurisdictional infirmity, nor excessive, cruel, or unusual punishment. His guilty plea was entered unconditionally, and he made no motion to withdraw his plea prior to his sentencing. Plummer's contentions are thereby not preserved for appellate review, and Plummer is barred from pursuing this direct appeal of his conviction.[1]

The entry is:

Appeal dismissed.

---

1. Moreover, our review of the record discloses no error in the court's acceptance of Plummer's plea.