015510

STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2014 JAN 23 AM 10 38

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-11-2145
*NM - cum - 1/23/2014*

JAMES PALMER,

Petitioner

v.

STATE OF MAINE

Respondent

ORDER ON PETITION
FOR POST-CONVICTION
REVIEW

On 8/20/10, the petitioner pleaded guilty in CUMCD-CR-10-1630 to two charges of class A robbery. The petitioner received a sentence of twenty years with all but seven years suspended and four years of probation on each charge, to be served concurrently.[1] He also pleaded guilty to trafficking in dangerous knives, violation of condition of release (CUMCD-CR-10-1069), forgery, violation of condition of release (CUMCD-CR-10-2184), and violation of condition of release (CUMCD-CR-10-4058) and received sentences to be served concurrently to the sentences on the robbery charges. He pleaded to burglary and cruelty to animals charges in York County and received sentences to be served concurrently to the sentences on the Cumberland County charges.

In his petition for post-conviction review, the petitioner alleges the following:

1.  he did not receive the promised good time agreed to at his sentencing hearing;
2.  he received ineffective assistance of counsel because his trial attorney did not present evidence, witnesses, and mitigating factors at sentencing and did not file an appeal;
3.  he received an excessive sentence; and

---

[1] The petitioner filed a motion to correct or reduce the sentence but later withdrew the motion.

1

4.    he was under extreme duress, did not understand what was happening at the sentencing proceeding, and was coerced by the threat of a twenty-year prison term.

For the following reasons, the petition is denied.

FINDINGS OF FACT

The petitioner met his trial attorney in March 2010 while the petitioner was incarcerated. He did not expect to "get off" because he was guilty of the charges and just wanted to "get his sentence." He believed the mitigating factors in his case included his admission of guilt and acceptance of responsibility and the fact that the crime spree resulted from his drug addiction.

He met with his trial attorney again but alleged they never discussed the discovery. He alleged also his trial attorney did not adequately investigate the case. On cross-examination at the hearing on the petition for post-conviction review, the petitioner admitted he had received the discovery and reviewed it several times. He had questions but did not bring them to the attention of his trial attorney. The trial attorney discussed the discovery with the petitioner and recalled the petitioner had a difficult time discussing the evidence.

He also met with his trial attorney at court. The trial attorney had negotiated a plea agreement of twenty years with all but six years suspended. The petitioner rejected that offer because he concluded it was not a "good deal." His trial attorney did not believe she would be able to obtain an offer much more favorable than the first offer. The trial attorney had discussed the petitioner's working with the Maine Drug Enforcement Agency. Both the petitioner and the MDEA were willing to cooperate. The prosecutor objected and would not agree to allow the petitioner to be released on bail to work with the MDEA.

2

The attorneys conferenced the case with a justice regarding an appropriate sentence. After hearing the facts of the two robberies, the justice stated that the sentences could be imposed to be served consecutively and he would reject any plea agreement that did not include a sentence of eight years to be served initially. Because the justice would not accept the plea agreement of twenty years with all but six years suspended, the prosecutor offered a second plea agreement.[2] The trial attorney asked the prosecutor to agree to the original offer but he refused. The trial attorney also tried to schedule the case when the conferencing justice was not presiding; a different judge conducted the Rule 11 proceeding.

The trial attorney believed the second offer was a good offer, as did the trial attorney for the co-defendant. The facts of the two robberies were difficult for the defense. The crimes involved substantial victim impact. (8/20/10 Tr. 10-13; 18-19.) The petitioner confessed to the crimes after Miranda warnings were given. The plea agreement was not premised on both defendants pleading guilty; the co-defendant was likely available to testify against the petitioner.

The petitioner did not believe the circumstances of the crime warranted the sentences proposed by the State. He complained his co-defendant pleaded and received the same sentence, even though the co-defendant had a "much worse record," including multiple felony convictions. The prosecutor told the judge at the Rule 11 proceeding that the co-defendant had burglary and theft convictions eight years prior to the Rule 11 proceeding. (8/20 10 Tr. 17.)

---

[2] The petitioner testified at the hearing on the petition for post-conviction review that the second offer was twenty years with all but eight years suspended. During the Rule 11 proceeding, the plea agreement involved a sentence of twenty years with all but seven years suspended.

3

The petitioner stated he did not discuss with his trial attorney his co-defendant's plea agreement but his co-defendant's attorney advised the petitioner to accept the plea offer. The co-defendant's attorney asked the petitioner how he would feel if his co-defendant was released from incarceration and the petitioner was still incarcerated.

On the day of the plea, the petitioner's father was at Maine Medical Center undergoing heart surgery and, as a result, the petitioner alleged he was not mentally prepared to enter a plea. The trial attorney agreed she discussed the petitioner's father's medical problems with the petitioner. In her estimation, however, he was emotionally capable to go forward with the Rule 11 proceeding. If the trial attorney had had concerns, she would have asked that the plea be rescheduled for another day, as she has done previously in other cases. The trial attorney recalled the petitioner was reticent on the day of the plea and was upset about the amount of time to be served initially. He ultimately decided to accept the offer, however.

The trial attorney discussed with the judge at the Rule 11 proceeding arrangements that had been made to permit the petitioner to visit his father. (8/20/10 Tr. 22.) The petitioner was taken by the Cumberland County Sheriff's Department to Maine Medical Center to see his father.

The trial attorney's overriding concern was the potential for the imposition of consecutive sentences on the two robberies, as the conferencing justice had observed. In addition, the facts of the cruelty to animals charge in York County were distressing. The prosecutor wanted a consecutive sentence on that charge. The animal control officer appeared at every hearing on the case. The impact of a consecutive sentence when serving a Department of Corrections sentence is substantial and precludes participation in programs. The trial attorney believed she fought hard to negotiate concurrent sentences from a very determined assistant district attorney.

4

The transcript of the Rule 11 proceeding provides the judge confirmed the sentence for the co-defendant was the sentence recommended for the petitioner. (8/20/10 Tr. 4.)[3] In response to the judge's questions, the petitioner answered he understood what the State would have to prove beyond a reasonable doubt at trial and the rights he was giving up by pleading to the charges and he agreed his pleas were voluntarily made. (8/20/10 Tr. 7-9.) The petitioner denied taking any medications or drugs during the preceding 48 hours. (8/20/10 Tr. 9.) In response to this question from the presiding judge, "Is there anything about your physical conditions or emotional conditions that affect either of your abilities to understand what we're doing?" the petitioner answered, "No, sir." (8/20/10 Tr. 10.) The petitioner agreed he was given sufficient time to speak to his trial attorney and he was satisfied with her services. (8/20/10 Tr. 14.) The petitioner declined to say anything further during the proceeding. (8/20/10 Tr. 14.)

The prosecutor outlined the basis for the plea agreement, in which the same sentences were proposed for both defendants. The prosecutor agreed that the petitioner had a limited prior history but had other matters pending that showed that he had "been running afoul of the law quite a bit in the last number of months, even after these incidents occurred." (8/20/10 Tr. 16.) Further, although the co-defendant had a more serious record, the prosecutor believed the petitioner was the ringleader and was the person in contact with the victims during the robberies. (8/20/10 Tr. 16.) Finally, the co-defendant confessed immediately when confronted with the crimes, unlike the petitioner. (8/20/10 Tr. 17.)

---

[3] The Rule 11 proceedings for the petitioner and his co-defendant, Mr. Merritt, were combined. (8/20/10 Transcript.) It appears the entire transcript has not been provided to the court. The initial discussion regarding the co-defendant and the proposed sentences is missing.

5

With regard to his answers during the Rule 11 proceeding, the petitioner stated at the hearing on the petition for post-conviction review that he had just agreed to a sentence of twenty/seven and he "was not really thinking." Further, he stated he did not know he could stop the proceeding because he was upset. He stated he did not know anything about an appeal or how the system works. He testified if he had the chance to do things again, he would not have accepted the plea offer.

CONCLUSIONS OF LAW

The petitioner must show that "(1) the performance of [his] attorney fell below that of an ordinary fallible attorney; and (2) there is a reasonable probability that, but for [his] attorney's error, [he] would not have entered a guilty plea and would have insisted on going to trial." Aldus v. State, 2000 ME 47, ¶ 13, 748 A.2d 463. "[T]he test is applied on a case-by-case basis, and evaluations of ineffective assistance of counsel claims are 'guided by the overall justness and fairness of the proceeding.'" McGowan v. State, 2006 ME 16, ¶ 12, 894 A.2d 493 (quoting Aldus, 2000 ME 47, ¶¶ 14-15, 748 A.2d 463). "'[R]easonable probability' is 'a probability sufficient to undermine confidence in the outcome.'" Laferriere v. State, 1997 ME 169, ¶ 8, 697 A.2d 1301 (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)).

"A plea is valid if it is made voluntarily with knowledge of the elements of the crime, the penalty that might be imposed and the constitutional rights relinquished by foregoing trial." Laferriere, 1997 ME 169, ¶ 9, 697 A.2d 1301 (quoting State v. Comer, 584 A.2d 638, 640 (Me. 1990)).

The petitioner has not sustained his burden of proving "there is a reasonable probability that, but for [his] attorney's error, [he] would not have entered a guilty plea and would have insisted on going to trial." Aldus, 2000 ME 47, ¶ 13, 748 A.2d 463. Accordingly, the merits of the ineffective assistance of counsel claim are not addressed.

6

See State v. Ali, 2011 ME 122, ¶ 10, 32 A.3d 1019; State v. Jurek, 594 A.2d 553, 555 (Me. 1991) ("Failure to prove resultant prejudice precludes relief regardless of the quality of counsel's performance."). The petitioner stated if he had the chance to do things again, he would not have accepted the plea offer. He did not testify he would not have pleaded guilty and would have insisted on going to trial. The trial would have been difficult for the petitioner because the evidence against him was significant. Instead, as the petitioner testified at the hearing on the petition for post-conviction review, he just wanted to "get his sentence." This record makes clear the petitioner wanted an offer of a more lenient sentence; such an offer was unobtainable.

Good Time

The petitioner claims he was promised nine days per month as good time at sentencing. That claim is not supported by the transcript of the Rule 11 proceeding. The fact that the petitioner would receive credit for time served pursuant to statute was discussed at the proceeding. (8/20/10 Tr. 22; Judgment and Commitment dated 8/20/10.) No further evidence was presented at the hearing on the petition for post-conviction review with regard to good time.

Sentencing

The petitioner argues his trial attorney did not present evidence, witnesses, and mitigating factors at sentencing. (8/20/10 Tr. 406; 15-17.) This case involved a plea agreement with regard to all the charges pending against the petitioner, as opposed to an open plea or a cap plea agreement. Evidence, witnesses, and mitigating factors were not required because the judge agreed with the proposed sentences. (8/20/10 Tr. 18.)

In any event, the evidence and witnesses the petitioner alleges should have been presented at the Rule 11 proceeding were not offered at the hearing on the petition for post-conviction review. Further, the mitigating factors discussed by the petitioner at the

7

hearing on the petition for post-conviction review, including his admission of guilt, his acceptance of responsibility, and his drug addiction, were known to the Rule 11 judge. (8/20/10 Tr. 7-8; 16-17.)

The petitioner alleges further in his petition for post-conviction review he informed his trial attorney to file a direct appeal and she failed to follow his instructions. At the hearing on the petition for post-conviction review, the petitioner stated only that he did know anything about an appeal. Further, the petitioner did not specify at the hearing on the petition for post-conviction review the grounds for the appeal. See State v. Plummer, 2008 ME 22, ¶ 2, 939 A.2d 687.

### Sentence

The petitioner's primary complaint is that he received an excessive sentence, essentially because he received the same sentence as his co-defendant. The prosecutor's justification for the same sentences for the co-defendants was reasonable. (8/20/10 Tr. 15-17.) Further, the petitioner accepted the plea offer and entered a knowing and voluntary plea with an understanding of the sentence that would be, and was, imposed. The petitioner's additional argument that he received the statutory maximum for this class of crime is incorrect. 17-A M.R.S. § 1252(2)(A).

### Duress/Coercion

Except for the petitioner's testimony he was not mentally prepared to enter a plea, nothing in this record shows the petitioner was under extreme duress or that he did not understand the sentencing proceeding. He answered questions appropriately during the Rule 11 proceeding. His trial attorney determined he was able to proceed; she would have rescheduled the plea if she had had concerns.

The petitioner further argues he was coerced by the threat of a twenty-year sentence. There is no evidence in the record regarding any such threat.

8

The entry is

The Petition for Post-Conviction Review is DENIED.

Date: January 22, 2014

Nancy Mills
Justice, Superior Court

CUMCD-CR-11-2145

9