MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2017 ME 30
Docket:       Ken-16-129
Submitted
 On Briefs:   January 19, 2017
Decided:      February 16, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

# STATE OF MAINE

v.

# JOHN P. STEVENS

MEAD, J.

[¶1]  John P. Stevens appeals from a judgment of conviction entered by the trial court (Kennebec County, *Jabar, J.*) following his guilty plea to a charge of receiving stolen property (Class C), 17-A M.R.S. § 359(1)(B)(6) (2016). Stevens contends that in order to establish that his plea was voluntary as required by M.R.U. Crim. P. 11(b)(2), the court was required to ask him if he was aware of, and understood the consequences of, any plea negotiations that may have preceded his plea.  Because Stevens did not move to withdraw his unconditional guilty plea, and does not contend that the trial court lacked jurisdiction or that it imposed an unconstitutional sentence, we dismiss the appeal.

## I. FACTS AND PROCEDURE

[¶2]  The July 2015 indictment charging Stevens with receiving stolen property was based on an allegation that he sold copper wire belonging to Central Maine Power Company knowing or believing that it had been stolen. *See* 17-A M.R.S. § 359(1)(A) (2016).  On the day of his trial, with a jury selected, Stevens, assisted by counsel, unconditionally changed his plea to guilty.  The court conducted an inquiry pursuant to M.R.U. Crim. P. 11 and accepted the open plea,[1] which Stevens never moved to withdraw.  At the sentencing hearing six weeks later, the court entered judgment and sentenced Stevens to four years' imprisonment.  Stevens also pleaded guilty to four separately-charged misdemeanors and received concurrent sentences.  He then appealed.

[¶3]  The State filed an untimely brief and moved to dismiss the appeal on the ground that Stevens cannot take a direct appeal from his guilty plea absent a challenge to the court's jurisdiction or the constitutionality of his punishment.  Stevens objected to the late filing and to the motion to dismiss. We rejected the State's brief and ordered that the motion to dismiss be considered with the merits of the appeal.

---

[1] As the court explained to Stevens, an "open" plea is entered when there is no proposed sentence agreement between the State and the defendant and the sentence is determined by the court after argument from the parties.

## II. DISCUSSION

[¶4]  A threshold issue before reaching the merits of Stevens's appeal is whether we will grant the State's motion to dismiss.  More than twenty years ago we held that

> [n]o *direct* appeal . . . asserting errors in the determination of criminal guilt may be taken from a conviction after a guilty plea (other than a conditional guilty plea . . .), except on grounds of jurisdiction or excessive, cruel or unusual punishment, because there is no decision by the court to appeal from.  Challenges to a conviction after a guilty plea on grounds of involuntariness of the plea, lack of knowledgeability on the part of the defendant regarding the consequences of his plea, ineffective assistance of counsel, misrepresentation, coercion or duress in securing the plea, the insanity of the pleader, or noncompliance with the requirements of M.R. Crim. P. 11[2] are collateral and may be pursued only by post-conviction review . . . .

*State v. Huntley*, 676 A.2d 501, 503 (Me. 1996) (citations omitted).  *See also State v. Pfeil*, 1998 ME 245, ¶ 7, 720 A.2d 573 ("The reason that post-conviction review is appropriate and that an adequate review cannot be held on direct appeal is . . . [that] an evidentiary hearing is necessary to develop a record from which a court can determine whether the pleas were made knowingly and voluntarily.").  Because the defendant in *Huntley* did not challenge the trial

---

[2]  The now-effective Maine Rule of Unified Criminal Procedure 11 is the same in all relevant respects.  *See* M.R.U. Crim. P. 11 committee advisory note, Dec. 2014.

court's jurisdiction and did not assert that it had imposed an unconstitutional punishment, we dismissed the appeal. *Huntley*, 676 A.2d at 503-04.

[¶5]  In *State v. Plummer*, we reaffirmed our holding in *Huntley*, saying that it applied "[i]n the absence of either a conditional guilty plea . . . or a motion to withdraw the guilty plea before sentencing . . . unless the defendant challenges the trial court's jurisdiction, or argues that the trial court imposed an excessive, cruel, or unusual punishment." 2008 ME 22, ¶ 2, 939 A.2d 687 (citations omitted).  Once again, because Plummer did not assert any of those prerequisite infirmities, we dismissed the appeal. *Id.* ¶ 3; *see also State v. Gach*, 2006 ME 82, ¶ 9, 901 A.2d 184 (dismissing the appeal for the same reasons).

[¶6]  Here Stevens pleaded guilty unconditionally, did not move to withdraw his plea, and does not contend that the trial court lacked jurisdiction or that it imposed an unconstitutional sentence.  Accordingly, the remedy, if any, for his contention that an incomplete Rule 11 proceeding led to an involuntary plea lies in the post-conviction review process established by 15 M.R.S. §§ 2121-2132 (2016) and M.R.U. Crim. P. 65-75A.  *See Huntley*, 676 A.2d at 503 ("Challenges to a conviction after a guilty plea on grounds of *involuntariness of the plea*, lack of knowledgeability on the part of the defendant regarding the consequences of his plea . . . *or noncompliance with the*

*requirements of M.R. Crim. P. 11* are collateral and may be pursued only by post-conviction review . . . ." (emphases added)).

The entry is:

Appeal dismissed.

---

N. Seth Levy, Esq., Brunswick, for appellant John P. Stevens

The State of Maine did not file a brief

Kennebec County Unified Criminal Docket docket number CR-2015-215
FOR CLERK REFERENCE ONLY