STATE OF MAINE                                    UNIFIED CRIMINAL DOCKET
PISCATAQUIS, ss.                                  DKT. NO. PISCD-CR-2020-0409

WINSLOW NEWBERT                    )                    PISCATAQUIS JUD CTR
                                   )                     DEC 29 '20 AM9:14
        Petitioner,                )
                                   )
v.                                 )              **ORDER DISMISSING PETITION**
                                   )              **FOR POST-CONVICTION REVIEW**
STATE OF MAINE,                    )
                                   )
        Respondent.                )

On November 10, 2020, Petitioner Winslow Newbert filed a petition for post-conviction review pursuant to 15 M.R.S. §§ 2121-2132 (2020). His challenge stems from the criminal judgment entered against him in the Unified Criminal Docket (Piscataquis County, *Anderson, J.*) on December 27, 2020. (PISCD-CR-19-0347). Petitioner pled guilty to one charge of unlawful possession of scheduled drugs (Class E), 17-A M.R.S. § 1107-A(1)(E) (2019) and one charge of operating a motor vehicle while his license was suspended or revoked (Class E) 29-A M.R.S. § 2412-A(1-A)(D). The court sentenced Petitioner to pay fines totaling $1150.00, with surcharges and assessments. The docket record in PISCD-CR-19-00347 shows that Petitioner paid off the total outstanding balance, including a $50 late fee, on October 4, 2020. Petitioner requests to be assigned counsel but has not submitted a motion for appointment of counsel and affidavit of indigency.

ANALYSIS

To warrant assignment, Petitioner must file his petition within the statutory filing period, be under a present or future impediment within the meaning of the statute, and state at least one cognizable ground for post-conviction review that has not been waived. *See* M.R.U. Crim. P. 66.

1. Time

A one-year filing deadline applies to actions for post-conviction review. 15 M.R.S. § 2128-B. The one-year period begins to run from the "date of final disposition of the direct appeal from the

1

underlying criminal judgment or the expiration of the time for seeking the appeal" or "[t]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2128-B(1)(A), (C). This petition was filed within one year of the criminal judgment and therefore, is timely.

2. Alleged Grounds

A petition for post-conviction review must state at least one cognizable ground for relief that has not been waived. *Id.* § 2125. Mr. Newbert bases his petition on a single ground, a claim that his "plea was not knowing and voluntary." (Pet. 3.) Describing the factual circumstances of this claim, Mr. Newbert states "[the prosecutor] told me I was guilty under the law and that if the drugs were in the car then they were in my possession and I had to plead guilty. The judge never asked if the plea was knowing and voluntary and it was not under the circumstances." (*Id.*) A claim that a plea was involuntary or obtained through misrepresentation, coercion, or duress is a cognizable ground for post-conviction review. *See State v. Adams,* 2018 ME 60, ¶ 11, 184 A.3d 875; *State v. Huntley,* 676 A.2d 501, 503 (Me. 1996). Read liberally, Mr. Newbert's petition also can be read to include a claim that the criminal court failed to comply with the procedure set forth in M.R.U. Crim. P. 11 for acceptance of guilty pleas, another cognizable ground for post-conviction review. *Huntley,* 676 A.2d at 503.

3. Impediment

A petition for post-conviction review is cognizable only when the Petitioner is under a restraint or impediment within the meaning of the statute because of the underlying criminal judgment. *Id.* § 2124. The only sentence ordered by the court in PISCD-CR-19-00347 was that Petitioner pay the aforementioned fines. As the docket record plainly shows that Petitioner has already paid off these fines and related fees, it appears that Petitioner is not under any restraint or impediment resulting from the criminal judgment that is recognized by § 2124. However, Petitioner states that he is under an impediment within the meaning of § 2124 because the criminal judgment is "preventing [him] from

2

becoming a family foster home and placement for [his] grandson." (Pet. 2.)

Section 2124 of the post-conviction review statute provides that a person seeking post-conviction relief must demonstrate that "the challenged criminal judgment or post-sentencing proceeding is causing a present restraint or other specified impediment as described in subsections 1 to 3. . ." Those subsections of the statute list the following restraints and impediments.

1. Present restraint or impediment by criminal judgment being challenged. Present restraint or impediment as a direct result of the challenged criminal judgment:
A. Incarceration imposed by the challenged criminal judgment;
B. Other restraint, including probation, parole or other conditional release imposed by the challenged criminal judgment;
C. Unconditional discharge imposed by the challenged criminal judgment;
C-1. Incarceration imposed by the challenged criminal judgment that is wholly satisfied at the time of sentence imposition due to detention time credits earned under Title 17-A, section 2305;
D. Incarceration, other restraint or an impediment specified in paragraphs A and B that is to be served in the future, although the convicted or adjudicated person is not in execution of the sentence either because of release on bail pending appeal of the criminal judgment or because another sentence must be served first;
E. A fine imposed by the challenged criminal judgment that has not been paid and in a case when a person has not inexcusably violated Title 17-A, section 1710 or inexcusably defaulted in payment of any portion. A fine includes any imposed monetary fees, surcharges and assessments, however designated;
F. Restitution imposed by the challenged criminal judgment that has not been paid and in a case when a person has not inexcusably violated Title 17-A, section 2014 or inexcusably defaulted in payment of any portion. Any challenge as to the amount of restitution ordered is further limited by Title 17-A, section 2017;
F-1. Community service work imposed by the challenged criminal judgment that has not been fully performed and in a case when a person has not inexcusably failed to complete the work within the time specified by the court; or
G. Any other juvenile disposition imposed by the challenged criminal judgment;
1-A. Present or future restraint by commitment to the Commissioner of Health and Human Services. Present restraint or impediment as a direct result of commitment to the custody of the Commissioner of Health and Human Services pursuant to section 103 imposed as a result of being found not criminally responsible by reason of insanity that is challenged or future restraint or impediment as a result of such an order of commitment that is challenged when a sentence involving imprisonment is or will be served first.

. . .

2. Post-sentencing proceeding. Incarceration or increased incarceration imposed pursuant to a post-sentencing proceeding following a criminal judgment, although the criminal judgment itself is not challenged; or

3

3. Present indirect impediment. Present restraint or impediment resulting indirectly from the challenged criminal judgment of this State:

A. Incarceration pursuant to a sentence imposed in this State, in another state or in a Federal Court for a crime punishable by incarceration for a year or more, if the length of the incarceration is greater than it would otherwise have been in the absence of the challenged criminal judgment of this State. The prior criminal judgment that is challenged must be for a crime punishable by incarceration for a year or more. This requirement is not satisfied by a showing only that the court imposing the present sentence was aware of the challenged criminal judgment or if it appears from the length or seriousness of the person's total criminal record that the challenged criminal judgment, taking into account its seriousness and date, could have little or no effect on the length of incarceration under the subsequent sentence;

B. Deleted. Laws 2011, c. 601, § 7.

C. Deleted. Laws 2011, c. 601, § 7.

D. Incarceration pursuant to a sentence imposed in this State, in another state or in a Federal Court for a crime for which proof of the criminal judgment of this State that is challenged is an element of, or must constitutionally be treated as an element of, the new crime. This requirement is not satisfied unless the new crime is, in the case of a crime in this State, punishable by incarceration of one year or more or, in the case of a crime in another jurisdiction, a felony or an infamous crime; or

E. A criminal judgment in this State pursuant to a plea of guilty or nolo contendere accepted by a trial court on or after March 31, 2010 by a represented defendant who is not a United States citizen and who under federal immigration law, as a consequence of the particular plea, is subject to a pending deportation proceeding.

15 M.R.S. § 2124. Based on the above, Petitioner's stated impediment, an inability to qualify as a foster care placement for his grandson, is not an impediment or restraint within the meaning of the post-conviction review statute.

Accordingly, the court dismisses the petition, as it is plain from the face of the petition that Petitioner is not under a restraint or impediment within the meaning of § 2124 of the post-conviction review statute. *See* M.R.U. Crim. P. 70(b).

It is hereby ORDERED:

Mr. Newbert's Petition for Post-Conviction Review is Dismissed.

Dated: 12/10/20

Hon. William R. Anderson
Justice, Maine Superior Court

4