STATE of Maine

v.

Donald S. CARDOSI.

Supreme Judicial Court of Maine.

Argued Sept. 17, 1985.

Decided Oct. 4, 1985.

Janet T. Mills, Dist. Atty., Anthony Ferguson (orally), Asst. Dist. Atty., South Paris, for plaintiff.

Daniel G. Lilley, Law Offices, P.A., Daniel W. Bates (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN and GLASSMAN, JJ.

McKUSICK, Chief Justice.

On this appeal we are faced with the question whether a person, after he has been convicted on his plea of guilty and has been sentenced, may obtain any relief from the sentencing court on the ground of newly discovered evidence. Under the authority of M.R.Crim.P. 32(d), we answer that question in the negative, holding that remedial relief if any must be obtained in post-conviction review proceedings pursuant to 15 M.R.S.A. §§ 2121–2132 (Supp.1984–1985).

Defendant Donald S. Cardosi appeals from an order of the Superior Court (Oxford County) denying his motion seeking arrest of judgment, permission to withdraw his guilty plea, and a "new" trial. The Superior Court entertained the motion as one under M.R.Crim.P. 33 for a new trial on the ground of newly discovered evidence. After hearing, the justice denied all the requested relief, ruling that defendant had failed to demonstrate that the alleged newly discovered evidence would result in a different outcome if a trial were granted. We hold that the Superior Court erred in entertaining defendant's motion for a new trial on its merits. The court should have dismissed the motion.

On June 3, 1983, defendant was indicted for gross sexual misconduct. On November 11, 1984, the day set for his trial to start, defendant, as a result of plea negotiations with the prosecution, pleaded guilty to the lesser charge of unlawful sexual conduct. After a Rule 11 proceeding, the Superior Court sentenced defendant to two years of incarceration, suspending one year and adding one year of probation. Three weeks later, on December 3, 1984, defendant filed the compendious motion that is the subject of the present appeal. He based his motion on evidence ("newly discovered" because it was not known to his retained counsel prior to sentencing) showing that he had sustained a head injury in a 1982 motorcycle accident and subsequently had received treatment for aggressive behavior and drug abuse. He claimed to suffer from a mental defect that, if known to his counsel prior to sentencing, would have led him with the advice of counsel to plead not guilty by reason of insanity and to stand trial on that issue. At the March 7, 1985, hearing on his motion, defendant presented one witness, the psychologist who had counseled him in the late summer and fall of 1984, and offered certain medical records in evidence. The motion justice denied defendant's motion on the merits, applying the same five-pronged test that is used in determining a motion for a new trial on newly discovered evidence. *See State v. Estes*, 418 A.2d 1108, 1114 (Me. 1980).

Obviously defendant cannot get a trial on the charges for which he has already been sentenced until he, with the court's approval, withdraws his plea of guilty. Whether he can obtain the court's approval for that withdrawal is in turn governed by M.R. Crim.P. 32(d). That rule specifically provides: "A motion to withdraw a plea of guilty ... may be made only *before* sentence is imposed or imposition of sentence is suspended." (Emphasis added) Since 1971, when the Supreme Judicial Court amended the rule to its present form, a defendant's sole remedy *after* sentencing has been statutory post-conviction review. Prior to the 1971 amendment Rule 32(d) provided a defendant who sought to withdraw his guilty plea after sentencing two avenues of relief. He could *either* seek post-conviction review pursuant to statute *or* move the sentencing court to permit him to withdraw his plea in order "to correct manifest injustice." As the Advisory Committee explained in its note to the 1971 amendment, this dual procedure "seems unnecessary and unduly complicated" since the grounds for withdrawing a guilty plea

"may be raised in a proceeding for post-conviction relief under the Maine statute." M.R.Crim.P. 32 advisory committee's note to 1971 amend., *reprinted in* 1 Cluchey & Seitzinger, *Maine Criminal Practice* 32–5 (1985).

Our construction of Rule 32(d) is compelled by its plain language. *State v. Boone*, 444 A.2d 438, 441 n. 5 (Me.1982), noted in dictum that "[w]hen an issue of the mental competence of an accused to enter his plea of guilty ... to [a] criminal charge is raised after sentence has been imposed ..., remedial relief therein, if any, must be obtained in post-conviction review proceedings provided by 15 M.R.S.A. § 2121 *et seq.*" *See also State v. Gatcomb*, 478 A.2d 1129, 1131 (Me.1984) (defendant may petition for statutory post-conviction review where he failed to file a timely motion for new trial pursuant to M.R.Crim.P. 33). The Superior Court erred in entertaining defendant's motion for a new trial after it had convicted him upon his guilty plea and had imposed sentence. Even assuming that a motion for a "new" trial is appropriate where no trial has ever been held, a necessary predicate for any trial—the cancellation of the outstanding guilty plea—is here missing. Any action then by the Superior Court in disposing of defendant's motion on its merits was a nullity.

The entry is:

Order denying defendant's post-sentencing motion vacated.

Remanded to the Superior Court with instructions to dismiss defendant's post-sentencing motion.

All concurring.