2006 ME 128

**STATE of Maine**

v.

**Jeffrey R. COTE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 28, 2006.

Decided: Nov. 9, 2006.

Mark W. Lawrence, Dist. Atty., John M. Pluto, Asst. Dist. Atty., Alfred, ME, for State.

Paul Aranson, Scaccia, Lenkowski & Aranson, Sanford, ME, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

Majority: SAUFLEY, C.J., and CLIFFORD, DANA, CALKINS, LEVY, and SILVER, JJ.

Concurrence: ALEXANDER, J.

---

1. Title 29–A M.R.S.A. § 2411(1) (1996) has been repealed by P.L. 2003, ch. 452, § Q–77 (effective July 1, 2004), and replaced by 29–A M.R.S. § 2411(1–A) (2005).

2. Cote entered a plea of not guilty at his arraignment and filed his request for court-appointed counsel eight days later. However, the financial investigator for the court did not

CALKINS, J.

[¶ 1] Jeffrey R. Cote appeals from a judgment of conviction for operating under the influence (Class D), 29–A M.R.S.A. 2411(1) (1996),[1] entered in the District Court (Biddeford, *Foster, J.*). Cote contends that the court (*Janelle, J.*) erroneously denied his motion for leave to file a late jury trial request. The State has joined Cote's request to have the case remanded to the District Court for the withdrawal of his conditional guilty plea and to transfer the case to the Superior Court for a jury trial. Because the two parties before us have agreed that the trial court erred and have both requested a remand, and because our independent review of the record satisfies us that their request is reasonable,[2] we vacate the conviction.

The entry is:

Judgment vacated. Case remanded to allow Cote to withdraw the conditional plea and for a transfer to the Superior Court for a jury trial.

ALEXANDER, J., concurring.

[¶ 2] Our trial judges face a heavy daily workload. They generally perform their duties competently and ethically, seeking to achieve justice for all, respecting the goal of the criminal rules "to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." M.R.Crim. P. 2.

make a recommendation as to Cote's eligibility for court-appointed counsel for almost four weeks. Although the court promptly appointed counsel upon receiving the eligibility recommendation, the twenty-one-day period for demanding a jury trial in M.R.Crim. P. 22(a) had passed.

[¶3] On the few occasions when we find it necessary to vacate the work of a trial court, the trial court deserves considerate explanation of the reasoning for vacating, something more than the summary decision offered in this case. Such an explanation is particularly important where, as here, the problem that leads to the conviction being vacated is caused, in part, by a failure in a process that we have approved.

[¶4] While I concur that we must vacate, I do not join the Court's summary decision. I write separately to address why the serious act of vacating a conviction is necessary here.

## I. CASE HISTORY

[¶5] This case originated in the Biddeford District Court, by complaint charging Cote with operating under the influence (Class D), 29–A M.R.S.A. 2411(1) (1996),[3] and operating beyond license restriction (Class E), 29–A M.R.S.A. 1251(1)(2) (Supp. 2003),[4] arising out of his operation of a motor vehicle in Saco on May 5, 2004. Cote was arraigned on July 21, 2004. He was advised of his rights, including the right to counsel and the right to a jury trial. Cote entered a plea of "not guilty" and was given a trial date of August 16, 2004. As advised by the court, Cote sought the assistance of court-appointed counsel.

[¶6] It once was common practice for individual defendants seeking court-appointed counsel to fill out the financial qualification paperwork at arraignment. The court would then review the qualification forms, and counsel would be appointed at arraignment or shortly thereafter. Now, in some courts, defendants seeking court-appointed counsel at arraignment are directed to return on a subsequent date to meet with a financial screener to determine financial qualification for court-appointed counsel. In accordance with this practice, Cote returned to the court on July 29, 2004, and submitted an indigency affidavit requesting court-appointed counsel. Cote's application for court-appointed counsel was not acted on promptly.

[¶7] While awaiting appointment of counsel, Cote had no counsel to consult regarding his right to a jury trial or his obligation to file motions within twenty-one days of arraignment pursuant to M.R.Crim. P. 12(b)(3). Cote did not request that the case be transferred to Superior Court for a jury trial within the twenty-one days required by M.R.Crim. P. 22(a).[5]

[¶8] By his trial date, the court had not yet appointed Cote an attorney. Cote, representing himself, submitted a motion to continue, which was granted, and a new trial date was set. In support of his motion, Cote stated that "the financial screen-

---

**3.** Title 29–A M.R.S.A. § 2411(1) (1996) read:

 **1. Offense.** A person commits OUI, which is a Class D crime unless otherwise provided, if that person operates a motor vehicle:
 **A.** While under the influence of intoxicants; or
 **B.** While having a blood-alcohol level of 0.08% or more.

**4.** Title 29–A M.R.S.A. § 1251(1) (Supp.2003) was repealed and replaced by P.L. 2003, ch. 452, § Q–17 (effective July 1, 2004) (codified

at 29–A M.R.S. § 1251(1) (2005)). Title 29–A M.R.S.A. § 1251(2) (Supp.2003) was repealed by P.L. 2003, ch. 452, § Q–18 (effective July 1, 2004).

**5.** M.R.Crim. P. 22(a) provides in pertinent part:

 **(a) Demand.** In all prosecutions in the District Court the defendant may demand a trial by jury. Unless a demand for trial by jury is made not later than 21 days after arraignment, the defendant shall be deemed to have waived the right to trial by jury.

er has yet to decide on my eligibility on retaining a court-appointed lawyer. This is very important due to the fact I can't afford one on my own."

[¶ 9] Cote's application for court-appointed counsel was finally approved on August 25, 2004, a month after Cote had filed his financial qualification form. Cote's assigned counsel was not notified of his appointment until the first week of September 2004. Promptly thereafter, on September 8, 2004, Cote's assigned counsel mailed to the court a general motion for leave to file motions after the twenty-one-day time limit set in M.R.Crim. P. 12(b)(3). The court (*Foster, J.*) denied this motion on September 16, 2004.

[¶ 10] Four days later, Cote's counsel filed a motion for leave to file a late jury trial request. The motion argued that Cote was unrepresented during the twenty-one-day period after the arraignment and did not fully appreciate the consequences of waiving his right to a jury trial, but the motion did not address the delay in court-appointed counsel's learning of his appointment. The District Attorney's Office had no objection to the motion. The court (*Janelle, J.*) denied the motion without hearing on September 22, 2004. When it denied the late jury trial request, it appears that the trial court was not fully apprised of the history of Cote's efforts to obtain counsel to consult regarding his rights, and the delays in the paperwork to approve Cote's request for court-appointed counsel.

[¶ 11] After some pre-trial motion practice, the case was scheduled for trial in July 2005. Prior to trial, Cote orally renewed his motion to file a late jury trial request and requested a testimonial hearing. The court denied both motions. Cote then entered a conditional plea of guilty, pursuant to M.R.Crim. P. 11(a)(2), to the first count of the complaint, criminal OUI.

The agreed record certification presented to the trial court, incident to the conditional plea, did note the delay in counsel's receiving notice of his appointment. As part of the plea agreement, the State dismissed the second count of the complaint, operating beyond license restriction. Cote was sentenced to a ninety-day license suspension and a $600 fine. The suspension and fine were stayed pending this appeal.

## II. LEGAL ANALYSIS

[¶ 12] The right to a jury trial in criminal prosecutions is a fundamental constitutional right. *State v. Ouellette*, 2006 ME 81, ¶ 11, 901 A.2d 800, 804; *State v. Holmes*, 2003 ME 42, ¶ 11, 818 A.2d 1054, 1057. The right to counsel in criminal prosecutions is likewise a fundamental constitutional right. *State v. Watson*, 2006 ME 80, ¶ 14, 900 A.2d 702, 708. The right to counsel attaches upon the initiation of adversary judicial criminal proceedings against a defendant and, thereafter, the right to counsel applies to all critical stages of the prosecution before, during and after trial. *United States v. Gouveia*, 467 U.S. 180, 189, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984). An arraignment constitutes an initiation of adversary judicial proceedings, to which the right to counsel attaches. *Kirby v. Illinois*, 406 U.S. 682, 688–90, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

[¶ 13] To be effective, any waiver of fundamental constitutional rights must be voluntary and intelligent. *Ouellette*, 2006 ME 81, 11–12, 901 A.2d at 804; *Watson*, 2006 ME 80, 15, 900 A.2d at 708. Further, when the right to counsel attaches, and a defendant is seeking court-appointed counsel, a defendant, from that point, has a right to be counseled regarding waiver of any constitutional rights, including the right to trial by jury. As the United States Supreme Court noted in affirming

our opinion in *State v. Moulton*, 481 A.2d 155 (Me.1984), "to deprive a person of counsel during the period prior to trial may be more damaging than denial of counsel during the trial itself." *Maine v. Moulton*, 474 U.S. 159, 170, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985).

[¶ 14] The court-appointed counsel process, reliant on financial screeners, placed Cote in a classic "catch 22" situation. At arraignment, Cote asserted his right to counsel and the clock started ticking on his twenty-one days to file motions and to transfer for jury trial. Before counsel was appointed to consult about his rights, the twenty-one days expired, and the rights Cote desired to assert after consultation with counsel were deemed forfeited. A month after the twenty-one days expired, Cote and his counsel finally learned of the appointment.

 Cote's timely request for counsel and completion of the indigency affidavit was an exercise of his right to counsel, hence he did not waive that right. Cote was unrepresented during the time period in which he could request a jury trial, although he had promptly requested counsel and was deemed entitled to counsel pursuant to M.R.Crim. P. 44(a)(1). As Cote was deprived of counsel during this critical stage, his waiver of his fundamental right to a jury trial could not be voluntary and intelligent. The District Court, perhaps because it was not fully apprised of the circumstances, erred when it denied Cote's motion to file a late jury trial request.