STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, SS.                                     CRIMINAL ACTION
                                                 DOCKET NO. CR-10-442

                                                 ʏ̣ ˌ̖̣ʌ̣  -  ̣ˌ̣ ʌ̣·̣   ·̣ ˌ̣·̣·̣

STATE OF MAINE

         v.                                      **ORDER ON**
                                                 **MOTION TO STRIKE**
STEVEN J. BURD, JR.


         Before the court is the defendant's motion to strike prior conviction. He stands
charged by indictment with Criminal OUI under 29-A M.R.S. §2411(1-A)(B)(2), under
which his OUI was charged as a Class C offense because he had two previous OUI
offenses within a ten-year period.[1] On November 2, 2010, the defendant moved to
strike his underlying February 19, 2003 district court conviction, Docket No. CR-03-305,
on the ground that his guilty plea was not made knowingly and voluntarily, and that
the plea was obtained in violation of his right to counsel. The defendant asserts that if
the motion to strike is granted, only one prior OUI offense would stand, and the current
Class C offense would be reduced to a Class D misdemeanor. The court held a hearing
on the motion to strike on January 6, 2011, during which the defendant was represented
by counsel.

         The factual background at issue surrounds the defendant's February 19, 2003
district court guilty plea. This court was not provided a record of the plea or the
colloquy associated with it, and at the hearing before this court, the parties indicated
that no transcripts or audio records of such transcripts have been retained for this case.
The written record of the Augusta District Court proceedings on February 19, 2003,
indicates that the defendant initially entered a plea of not guilty, then changed his plea
to guilty as part of a plea agreement. (Def.'s Mot. to Strike, Ex. 1.) It also indicates that
the defendant's attorney was "afd Parker," an attorney for the day, although it does not
indicate the extent of the discussion, if any, between the defendant and Attorney Parker
prior to his entry of a plea of guilty.

---

[1] The defendant was convicted of OUI on October 31, 2003 in the Augusta District Court,
Docket No. CR-03-908, and of OUI on February 19, 2003 in the same court, Docket No. CR-03-
305.

The defendant asserts that this conviction must be stricken because it was obtained in violation of his constitutional right to counsel and to a jury trial, and that there is no evidence that his waiver of either right was knowing or voluntary. He cites *State v. Black*, KENSC-CR-09-022, a 2009 Superior Court decision by Justice Jabar, which ruled that absent clear evidence of a waiver of counsel, the court cannot assume that such a waiver occurred. The defendant also cites *State v. Ouellette*, 2006 ME 81, 901 A.2d 800, for the proposition that the presence of an "attorney for the day" is insufficient to satisfy the constitutional right to counsel; *State v. Holmes* provides his authority regarding the necessity of "affirmative steps reasonably designed to make *each* defendant *himself* aware of his individual right to a jury trial" in order to support a finding of waiver. *Holmes*, 2003 ME 42, ¶ 9, 818 A.2d 1054, 1057 (emphasis in original; quotation omitted).

The State countered at the hearing that an "uncounseled misdemeanor conviction, valid . . . because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." *Nichols v. United States, 511 U.S. 738, 748-49 (1994).* It cites *State v. Cook*, 1998 ME 40, 706 A.2d 603, for the application of the *Nichols* rule to Maine, and *State v. Maloney*, 2001 ME 140, 785 A.2d 699, upholding *Cook* and *Nichols* in accepting a constitutional but uncounseled plea for the purposes of enhancing the level of a subsequent crime.

The defendant's assertions implicate not one but two constitutional rights: the right to counsel and the right to a jury trial. *See State v. Cote*, 2006 ME 128, ¶12, 909 A.2d 626, 628 (Alexander, J., concurring) ("The right to a jury trial in criminal prosecutions is a fundamental constitutional right. *State v. Ouellette, 2006 ME 81, P11, 901 A.2d 800, 804; State v. Holmes, 2003 ME 42, P11, 818 A.2d 1054, 1057.* The right to counsel in criminal prosecutions is likewise a fundamental constitutional right. *State v. Watson, 2006 ME 80, P14, 900 A.2d 702, 708.*"). These rights may be waived, but in order to be effective, any waiver of constitutional rights must be knowing, intelligent, and voluntary. *State v. Ouellette*, 2006 ME 81, ¶12, 901 A.2d 800, 804 (right to jury trial); *State v. Watson*, 2006 ME 80, ¶15, 900 A.2d 702, 708 (right to counsel). The Law Court recognizes the "uniquely legal dimension" of a finding of waiver of either constitutional right, and therefore applies "a bifurcated standard of review, reviewing any express or implicit factual findings for clear error, and the legal conclusion to be drawn from those facts de

novo." *Watson*, 2006 ME 80, ¶31, 900 A.2d at 713 (quotations omitted); *see also Ouellette*, 2006 ME 81, ¶21, 901 A.2d at 807.

While the Law Court applies its bifurcated review to a finding of either type of waiver, a significant difference between the two rights is the burden of proof. As to the right to counsel, "in a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel." *Iowa v. Tovar*, 541 U.S. 77, 92 (2004). As to the right to a jury trial, necessarily waived by a guilty plea, however, following the United States Supreme Court's ruling in *Boykin v. Alabama*, 395 U.S. 238 (1969), Maine law has considered "that the State, in post-conviction proceedings, bear[s] the ultimate burden of establishing a total record which adequately shows in an affirmative manner subsidiary facts (over and above the fact that a formal guilty plea was tendered and accepted) constituting the plea as one voluntarily and understandingly made." *Morgan v. State*, 287 A.2d 592, 601 (Me. 1972).

An analysis of either form of waiver, as noted by the quotations assigning the burden of proof above, requires proof of facts—and the Law Court has repeatedly provided that the method of ascertaining those facts must be through post-conviction review proceedings, unless the record is clear enough to proceed based upon the record alone. *See, e.g., State v. Huntley*, 676 A.2d 501, 503 (Me. 1996) ("Challenges to a conviction after a guilty plea on grounds of involuntariness of the plea, lack of knowledgeability on the part of the defendant regarding the consequences of his plea, ineffective assistance of counsel, misrepresentation, coercion or duress in securing the plea, the insanity of the pleader, or noncompliance with the requirements of M.R. Crim. P. 11 are collateral and may be pursued only by post-conviction review pursuant to 15 M.R.S.A. ßß 2121-2132 (Supp. 1995)."); *State v. Goode*, 588 A.2d 307, 308 (Me. 1991) ("The State may demonstrate, at an evidentiary hearing, that the plea was valid despite a defect in the Rule 11 proceeding. . . . That evidentiary hearing may be held either in connection with the motion to withdraw the plea, or in post-conviction review proceedings. We . . . will not consider a claim of constitutional deficiency in the entry of a guilty plea, in the absence of an adequate record developed at such a hearing.") (citations omitted); *State v. Morrison*, 567 A.2d 1350, 1352 (Me. 1990) ("Normally the record on a direct appeal is not adequate for us to review a defendant's claim that his waiver of counsel was defective. . . . [P]ost-conviction review is a proceeding more

conducive to the development of evidence that is more sharply focused on the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.") (quotations omitted); *State v. Mank*, 501 A.2d 809, 811, 811 n.2 (Me. 1985) ("A defendant may challenge a purported waiver of jury trial on direct appeal only if it is clear on the record of the case that there was no valid waiver of jury trial. . . . [I]nformation extraneous to what took place before the court is properly received only in post-conviction proceedings with the built-in safeguards of sworn testimony and opportunity for cross-examination and rebuttal.") (quotation and citation omitted); *Kimball v. State*, 490 A.2d 653, 658, 658 n.3 (Me. 1985) ("Review of a criminal judgment on direct appeal extends to examination of a claim of ineffective assistance of counsel on a new trial motion, provided that the record is adequate for review of that issue without further evidentiary hearings. . . . Ordinarily, of course, the record on appeal is not adequate for reviewing the counsel issue, so that the claim of ineffective assistance must be presented and tried in a collateral review proceeding."); *State v. Boilard*, 359 A.2d 65, 68 (Me. 1976) ("As we analyze the facts in this record, we are unable to say that there has been an unquestioned violation of appellant's constitutional right to a trial by jury. Thus, post-conviction relief would be the appropriate proceeding wherein the appellant might be able to show that the jury waiver was neither voluntarily nor intelligently executed."); *Brown v. State*, 1982 Me. Super. LEXIS 108 at *8 ("Where the showing of voluntariness does not appear in the record of the proceedings in which the plea was entered, the Petitioner's recourse is necessarily a post-conviction type of remedy.").[2]

In many cases, the need for additional evidence obtained through post-conviction review is obviated by the existence of a sufficient record on which the court

---

[2] See also, e.g., *State v. Gach*, 2006 ME 82, ¶10, 901 A.2d 184, 187 ("Absent [a motion to withdraw no contest plea under M.R. Crim. P. 32(d)], Gach may still challenge the constitutionality of his waiver of the right to representation by counsel, but must do so by seeking post-conviction review. *See* 15 M.R.S. ßß 2121-2132 (2005)."); *State v. Cardosi*, 498 A.2d 599, 600 (Me. 1985) ("Since 1971, when the Supreme Judicial Court amended [M.R. Crim. P. 32(d)] to its present form, a defendant's sole remedy *after* sentencing has been statutory post-conviction review."); *Morgan*, 287 A.2d at 598 ("Review is available only in post-conviction proceedings" for issues including "voluntariness of the plea, knowledgeability of the defendant regarding the consequences thereof, compliance or non-compliance with the requirements of . . . Rule 11, M.R.Crim.P., ineffective assistance of counsel in connection therewith, misrepresentation, coercion or duress in securing the plea and insanity of the pleader") (quoting *Dow v. State*, 275 A.2d 815, 820 (1971)).

could evaluate the voluntariness of the defendant's waiver. In these cases, where the court did not require an evidentiary hearing through post-conviction review procedures, it either implicitly or explicitly found that the record itself was sufficient.[3] *Cf. Tovar*, 541 U.S. at 90-91 (finding that the record indicated that Tovar's waiver of counsel was knowing and voluntary based upon "some things more" than the plea colloquy itself); *United States v. Ward*, 518 F.3d 75 (1st Cir. 2008) (finding "that the record of the state court proceeding in this case contained sufficient evidence to permit the district court to find that Ward entered his [underlying enhancement] state plea voluntarily"); *Gach*, 2006 ME 82, ¶13, 901 A.2d at 187 (Silver, J., dissenting) (noting that the reason for the post-conviction review hearing requirement is that "there is seldom a clear record of the proceedings surrounding entry of the plea of guilty or no contest to allow us to undertake appellate review of the claimed error," but the information was clear from the record in Gach's case); *Ouellette*, 2006 ME 81, ¶22, 901 A.2d at 807 (evaluating Ouellette's waiver based upon "transcripts from the mass instruction and Ouellette's arraignment"); *Cook*, 1998 ME 40, ¶1 n.2, 706 A.2d at 604 n.2 (noting that the defendant's objection to his prior uncounseled plea "arises in a somewhat unusual procedural posture," but agreeing to consider it because "the State has not objected and both parties have addressed in their briefs the merits of Cook's contentions"); *State v. Dearborn*, 2007 Me. Super. LEXIS 168 at *3-*4 (evaluating the record of "the trial judge's constitutional advisements to Mr. Dearborn" and finding them insufficient).

The Law Court most thoroughly addressed the issue of the quantum of evidence required for a court to evaluate the voluntariness of a defendant's waiver of a jury trial by guilty plea in *Morgan v. State*, 287 A.2d 592 (Me. 1972). The *Morgan* court found:

> [A]utomatic, per se invalidation of a guilty plea . . . is avoided by the requirement that the review of the validity of a guilty plea, as having been voluntarily and understandingly made, must be undertaken as an incident of post-conviction proceedings in which a supplemental record may be made by introduction of additional evidence unrestricted as to source . . . provided that it is admissible under evidentiary principles.

---

[3] *Black* is the exception to this rule, wherein the superior court found, based upon a silent record, that "the defendant has proved that the evidence does not establish that the defendant competently and intelligently waived his constitutional right to assistance of counsel." *Black*, 2009 Me. Super. LEXIS 84 at *3. In the present case, there is too little evidence for the court to effectively evaluate the voluntariness of the defendant's waiver. *See, e.g., Morgan*, 287 A.2d at 598.

*Morgan*, 287 A.2d at 598. The court continued, "[W]e explicitly hold that vitiation of a plea of guilty which is tendered after either April 2, 1969 (*McCarthy*) or June 2, 1969 (*Boykin*) fails to result, *automatically* and *per se*, from the omission, or inadequacy, of a judge-conducted interrogation addressed to the defendant personally in the conviction proceeding itself." *Morgan*, 287 A.2d at 601. "We decide that a guilty plea is vitiated under the mandate of *Boykin* only if the *total record* appropriately under review fails adequately to establish a factual matrix -- over and above its showing of the existence of a formally entered conclusory plea of guilty -- by which the plea is affirmatively shown to have been voluntarily and understandingly made." *Id*. The *Morgan* court also quoted at length from the concurring opinion of a fellow justice of the Pennsylvania Supreme Court to illustrate its thought process:

> The fact that we require an on-the-record inquiry when a guilty plea is accepted does not, in my view, also require us to automatically wipe out the plea if no such inquiry is made. *Boykin* clearly says that we may not, without *more*, allow the plea to stand. . . . But where the state system provides a mechanism for fairly establishing a record and determining the validity of the guilty plea, I do not believe that the Supreme Court of the United States meant to -- or properly could -- mandate a prophylactic rule that the states would be required to follow, to overturn pleas *proven* valid on a *full* record. . . .
>
> I agree with the statement in *Boykin* that an on-the-record inquiry by the judge accepting the plea 'forestalls the spin-off of collateral proceedings that seek to prove murky memories.' *89 S. Ct. at 1713*. . . . Yet although I obviously agree with this statement, I do not take it to mean that state hearing procedures for determining the validity of guilty pleas are inherently unreliable. I would find this position to be wholly untenable and unsupported in fact or law and I cannot accept it as constitutionally requiring the automatic overturn of guilty pleas where an on-the-record inquiry by counsel or the judge accepting the plea is absent. This would call into question the basic reliability of the entire state constitutional fact finding process, a position inconsistent with general theory of criminal review in the federal system.

*Morgan*, 287 A.2d at 600 (quoting *Commonwealth v. Godfrey*, 434 Pa. 532, 254 A.2d 923, 926 (1969) (Roberts, J., concurring)). *Morgan* also considered *North Carolina v. Alford*, 400 U.S. 25, 29 n.3 (1970) "to reveal an express recognition by the Supreme Court of the United States, subsequently to the decision in *Boykin*, that *Boykin* permits a State Court to resort to *evidence adduced in post-conviction proceedings* to find affirmative record support that a guilty plea was voluntarily and understandingly tendered." *Morgan*, 287 A.2d at 601. In short, *Morgan* holds

that a guilty plea is not invalid solely because the record does not reflect the content of the court's colloquy, but a court must look to the record from post-conviction proceedings on the same issue.

The post-conviction review statute itself supports *Morgan's* holding as to the necessity of post-conviction review proceedings in the absence of a sufficient record from which a court may evaluate the voluntariness of a defendant's waiver. The legislature provides jurisdiction for judicial review based upon a conviction that poses a "present indirect impediment," in three different ways: where the challenged conviction serves as an element of a present charge (15 M.R.S. § 2124(3)(C)), or enhances the degree or potential penalty of a pending charge (15 M.R.S. § 2124(3)(B)), or enhances the sentence imposed and presently being served (15 M.R.S. § 2124(3)(A)). The statute provides that an action for post-conviction review of a criminal judgment may be brought if the person seeking relief demonstrates that the challenged criminal judgment is causing a present indirect impediment, such as "[a] pending trial . . . following a criminal judgment in this State . . . for a crime for which proof of the criminal judgment of this State that is challenged constitutes an element of the subsequent crime." 15 M.R.S. §2124(3)(C) (2010). The defendant's "prior conviction is itself an essential element of the felony offense" of Class C OUI with which he is now charged. *Maloney*, 2001 ME 140, ¶11, 785 A.2d at 702 (citing *State v. Corliss*, 1998 ME 36, ¶6, 706 A.2d 593, 594-95). He would therefore fall within the jurisdictional provisions established by the legislature for cases appropriate for post-conviction review.

If the post-conviction review procedure is necessary to develop a sufficient record from which to determine whether the defendant knowingly and voluntarily waived his right to counsel and to a jury trial, as Maine's authority suggests, the next inquiry is what standards are to be met by the evidence adduced at such a proceeding.

Generally, "[t]he right to counsel attaches upon the initiation of adversary judicial criminal proceedings against a defendant and, thereafter, the right to counsel applies to all critical stages of the prosecution before, during and after trial." *Cote*, 2006 ME 128, ¶12, 909 A.2d at 628 (Alexander, J., concurring). "An arraignment constitutes an initiation of adversary judicial proceedings, to which the right to counsel attaches." *Id.* "Further, when the right to counsel attaches, and a defendant is seeking court-appointed counsel, a defendant, from that point, has a right to be counseled regarding

waiver of any constitutional rights, including the right to trial by jury." *Id.* at ¶ 13, 909 A.2d at 628.[4]

Although the Law Court pronouncements on this point are not entirely clear, it appears that the "right to counsel" in a Class D or Class E offense is actually two separate rights—the right to appointed counsel, and the right to consult counsel. *See* M.R. Crim. P. 44(a)(1); M.R. Crim. P. 44 advisory committee's note to 1978 amend. http://www.courts.state.me.us/court_info/rules/rules.html (visited Mar. 22, 2011). *State v. Cook*, 1998 ME 40, 706 A.2d 603, redefined the parameters of the right to appointed counsel under the Maine Constitution in order to make them congruent with the federal parameters—now, under both constitutions, "an indigent misdemeanor defendant has a right to counsel under article I, section 6-A of the Maine Constitution when imprisonment will actually be imposed." *Cook*, 1998 ME 40, ¶6, 706 A.2d at 605; *see also Scott v. Illinois*, 440 U.S. 367 (1979). Here, the defendant does not appear to have been sentenced to incarceration for the February 2003 conviction to which he objects, but that may be an issue to clarify on post-conviction review—as a defendant would not be entitled to appointed counsel for an offense that did not incur incarceration. *See Cook*, 1998 ME 40, 706 A.2d 603; *see also State v. Burt*, 2008 Me. Super. LEXIS 44 at *3 ("[T]here is only a constitutional prohibition on the use of uncounseled prior convictions that are punished by imprisonment . . . because criminal defendants have a constitutional right to counsel only when convicted of a crime that results in imprisonment.") (citation omitted).

However, even where a defendant does not have the right to appointed counsel, M.R. Crim. P. 44(a)(1) suggests that a defendant has the right to be informed of his right to consult counsel. That rule provides in pertinent part:

> If a defendant in a proceeding in which the crime charged is a Class D or Class E crime appears in any court without counsel, the court shall advise the defendant of the defendant's right to be represented by counsel at every stage of the proceeding unless the defendant elects to proceed

---

[4] The defendant represents that "the presence of an 'attorney for the day' is not enough to satisfy the right to counsel, *Ouellette*, 901 A.2d 800 (Me. 2006), and any determination by the trial court that a defendant waived the right to counsel must be supported with a factual basis for that determination on the record. *Id.*" (Def. Mot. to Strike at 1.) In fact, *Ouellette* is silent on the effect of the presence of an attorney for the day on the constitutional right to counsel, but does indicate that the presence of an attorney for the day is insufficient to warrant the presumption that the defendant was informed of all of her other constitutional rights, including her right to a jury trial. *See Ouellette*, 2006 ME 81, ¶¶ 19, 27, 901 A.2d at 807, 808-09.

without counsel. If the defendant is without sufficient means to employ counsel, the court shall make an initial assignment of counsel, unless the court concludes that in the event of conviction a sentence of imprisonment will not be imposed.

M.R. Crim. P. 44(a)(1) http://www.courts.state.me.us/court_info/rules/rules.html (visited Mar. 22, 2011). It is unclear in the present case to what extent the defendant was informed of his right to counsel in accordance with this rule, as well as to what extent his waiver of his jury trial was knowingly or voluntarily executed.

The entry shall be:

The current case, *State v. Steven J. Burd, Jr.*, CR-10-442, shall be stayed for thirty days pending filing of a post-conviction review petition.

If the post-conviction review petition is filed, the stay will be extended pending resolution of the post-conviction review, since the result of that proceeding would potentially affect the offense charged in the current criminal case.

If no petition for post-conviction review is filed within the thirty-day stay period, the defendant's Motion to Strike will be denied. *See Brown v. State*, 1982 Me. Super. LEXIS 108.

This order is incorporated in the docket by reference. M.R. Civ. P. 79(a).

DATED: 3/28/11

Robert E. Murray
Justice, Superior Court

STATE OF MAINE                              SUPERIOR COURT
   vs                                       KENNEBEC, ss.
STEVEN   BURD                               Docket No  AUGSC-CR-2010-00442
146 BONIN ROAD
MONMOUTH ME 04259                           **DOCKET RECORD**

DOB: 01/11/1980
Attorney: ARNOLD CLARK                      State's Attorney: EVERT FOWLE
         FERRIS GURNEY AND CROOK PC
         11 PARK STREET
         WATERVILLE ME 04901
         APPOINTED 06/25/2010

Filing Document: CRIMINAL COMPLAINT         Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 06/21/2010

## Charge(s)

1    OPERATING UNDER THE INFLUENCE-2 PRIORS      06/20/2010 WINTHROP
Seq 11519 29-A  2411(1-A)(B)(2)         Class C


2    OPERATE VEHICLE WITHOUT LICENSE-            06/20/2010 WINTHROP
     COND/RESTRIC
Seq 9868  29-A  1251(1)(B)               Class E


## Docket Events:

06/21/2010 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 06/21/2010

06/21/2010 Charge(s): 1,2
          HEARING -  INITIAL APPEARANCE SCHEDULED FOR 06/21/2010 @ 1:00

          NOTICE TO PARTIES/COUNSEL
06/22/2010 Charge(s): 1,2
          HEARING -  INITIAL APPEARANCE HELD ON 06/21/2010
          WILLIAM  BRODRICK , JUSTICE
          Defendant Present in Court
06/22/2010 Charge(s): 1,2
          HEARING -  STATUS CONFERENCE SCHEDULED FOR 08/31/2010 @ 10:00

06/22/2010 BAIL BOND -  CASH BAIL BOND SET BY COURT ON 06/21/2010
          WILLIAM  BRODRICK , JUSTICE
          NO USE OR POSSESSION OF INTOXICANTS AND RANDOM SEARCH AND TEST FOR INTOXICANTS AND NOT TO
          OPERATE A MOTOR VEHICLE WITH ANY ALCOHOL IN SYSTEM.
06/22/2010 Charge(s): 1,2
          PLEA -  NO ANSWER ENTERED BY DEFENDANT ON 06/21/2010

06/24/2010 Charge(s): 1,2
          MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 06/24/2010

07/06/2010 Charge(s): 1,2
          MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 06/25/2010
          NANCY  MILLS , JUSTICE

COPY TO PARTIES/COUNSEL
07/06/2010 Party(s): STEVEN BURD
ATTORNEY - APPOINTED ORDERED ON 06/25/2010

Attorney: ARNOLD CLARK
07/06/2010 Charge(s): 1,2
HEARING - STATUS CONFERENCE NOTICE SENT ON 07/06/2010

07/26/2010 Charge(s): 1,2
HEARING - RULE 11 HEARING SCHEDULED FOR 07/27/2010 @ 10:00

NOTICE TO PARTIES/COUNSEL
07/27/2010 BAIL BOND - $500.00 CASH BAIL BOND AMENDED ON 07/27/2010
NANCY MILLS , JUSTICE
BAIL REDUCED TO $500.00 CASH, NOT TO USE OR POSESS ANY ALCOHOL OR ILLEGAL DRUGS, SUBMIT TO
SEARCH AND TEST AT ANY TIME WITHOUT PROBABLE CAUSE, NOT TO OPERATE A MOTOR VEHICLE WITH
ANY ALCOHOL IN SYSTEM, NOT TO OPERATE ANY MOTOR VEHICLE UNLESS LAWFULLY LICENSED TO DO SO.
07/27/2010 Charge(s): 1,2
HEARING - RULE 11 HEARING NOT HELD ON 07/27/2010

07/27/2010 HEARING - BAIL HEARING HELD ON 07/27/2010 @ 10:00
NANCY MILLS , JUSTICE
Reporter: JANETTE COOK
Defendant Present in Court
08/02/2010 BAIL BOND - $500.00 CASH BAIL BOND FILED ON 08/02/2010

Bail Receipt Type: CR
Bail Amt: $500
                              Receipt Type: CK
Date Bailed: 07/31/2010     Prvdr Name: STEVEN  BURD
                              Rtrn Name: STEVEN  BURD

08/31/2010 Charge(s): 1,2
HEARING - STATUS CONFERENCE HELD ON 08/31/2010
S KIRK STUDSTRUP , JUSTICE
Defendant Present in Court
08/31/2010 Charge(s): 1,2
HEARING - STATUS CONFERENCE SCHEDULED FOR 10/12/2010 @ 10:00

08/31/2010 Charge(s): 1,2
HEARING - STATUS CONFERENCE NOTICE SENT ON 08/31/2010

09/23/2010 Charge(s): 1,2
HEARING - STATUS CONFERENCE NOT HELD ON 09/23/2010

09/24/2010 Charge(s): 1,2
SUPPLEMENTAL FILING - INDICTMENT FILED ON 09/23/2010

09/24/2010 Charge(s): 1,2
HEARING - ARRAIGNMENT SCHEDULED FOR 10/12/2010 @ 10:00

09/24/2010 Charge(s): 1,2
HEARING - ARRAIGNMENT NOTICE SENT ON 09/24/2010

10/12/2010 Charge(s): 1,2
          HEARING - ARRAIGNMENT HELD ON 10/12/2010
          DONALD H MARDEN , JUSTICE
          DA: BRAD GRANT
          Defendant Present in Court

          READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
          DEFENDANT. 21 DAYS TO FILE MOTIONS
10/12/2010 Charge(s): 1,2
          PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 10/12/2010

10/12/2010 Charge(s): 1,2
          TRIAL - DOCKET CALL SCHEDULED FOR 01/03/2011 @ 10:30

11/02/2010 Charge(s): 1
          MOTION - MOTION TO STRIKE FILED BY DEFENDANT ON 11/02/2010

11/03/2010 HEARING - MOTION TO STRIKE SCHEDULED FOR 01/03/2011 @ 10:30

          NOTICE TO PARTIES/COUNSEL
01/03/2011 Charge(s): 1,2
          TRIAL - DOCKET CALL HELD ON 01/03/2011
          ROBERT E MURRAY JR, JUSTICE
          Reporter: TAMMY DROUIN
          Defendant Present in Court
01/03/2011 HEARING - MOTION TO STRIKE CONTINUED ON 01/03/2011

01/03/2011 HEARING - MOTION TO STRIKE SCHEDULED FOR 01/06/2011 @ 8:30

          NOTICE TO PARTIES/COUNSEL
01/06/2011 HEARING - MOTION TO STRIKE HELD ON 01/06/2011
          ROBERT E MURRAY JR, JUSTICE
          DA: JAMES MITCHELL          Reporter: TAMMY DROUIN
          Defendant Present in Court
01/06/2011 Charge(s): 1
          MOTION - MOTION TO STRIKE UNDER ADVISEMENT ON 01/06/2011

02/07/2011 Charge(s): 1,2
          TRIAL - DOCKET CALL SCHEDULED FOR 04/05/2011 @ 9:45

03/29/2011 ORDER - COURT ORDER FILED ON 03/28/2011
          LISA NOEL , ASSISTANT CLERK-E
          THE CURRENT CASE, STATE VS. STEVEN BURD SHALL BE STAYED FOR THIRTY DAYS PENDING FILING OF
          A POST-CONVICTION REVIEW PETITION. IF THE PCR IS FILED, THE STATY WILL BE EXTENDED
          PENDING RESOLUTION OF THE PCR, SINCE THRE RESULT OF THAT PROCEEDING WOULD POTENTIALLY
          AFFECT THE OFFENSE CHARGED IN THE CURRENT CRIMINAL CASE. IF NO PCR IS FILED WITHIN THE
          THIRTY-DAY STAY PERIOD, THE DEFENDANT'S MOTION TO STRIKE WILL BE DENIED

A TRUE COPY
ATTEST: _____
                   Clerk